**Jennie C. Hinkle, Appellant, v. John Gall, Sr., Appellee.**

**Gen. No. 7,871.**

PARENT AND CHILD—*liability of parent for negligence of minor child driving automobile.* A parent who purchased and maintained an automobile for pleasure and comfort of himself and family was liable for negligence of a minor child who was driving the automobile for his own pleasure, it appearing that the parent could not drive, himself.

Appeal by plaintiff from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded with directions. Opinion filed October 27, 1925.

FLEMING & HENDERSON, for appellant; ARTHUR POOR-MAN, of counsel.

ACTON, ACTON & SNYDER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was commenced in the circuit court of Vermilion county by the appellant, Jennie C. Hinkle, against the appellee, John Gall, Sr., to recover damages sustained by her by reason of injuries which she claims to have suffered on account of the alleged negligence of appellee's minor son, Andrew Gall, while he was driving appellee's automobile, which came into collision with an automobile in which the appellant was riding. A demurrer was sustained to the declaration, and judgment rendered for costs against the appellant. This appeal is prosecuted from the judgment.

The first count of the declaration contains the following allegations:

"For That Whereas heretofore on to-wit: the 16th day of November, A. D. 1924, and for several months prior thereto, the defendant, John Gall, Senior, was the owner of and in possession of a certain motor vehicle, commonly called an automobile, to-wit: a Buick Touring car, with a carrying capacity not exceeding seven passengers; that the defendant was then and there a man of the age of to-wit: fifty-five years; that the family of the said defendant then and there consisted of the defendant, his wife, a minor son, Andrew Gall, who was of the age, to-wit: Eighteen years, and another son, John Gall, Jr., all of whom then and there lived together in one household.

"That the said minor son, Andrew Gall, had no property in his own right, but lived at the home of his said father and as a member of his said father's household, and then and there was rendering unto his father the usual services of a son to a father in said household;

"That the said defendant had heretofore purchased said automobile aforesaid for the pleasure and com-

fort of said defendant, his wife and his two sons, the said Andrew Gall and the said John Gall, Jr., and then and there kept, mantained and had possession of said automobile for the pleasure and comfort of the defendant, his wife and his two sons named aforesaid;

"That the said defendant and his said wife did not drive said car themselves, but that the said defendant requested, authorized and permitted the said minor son, Andrew Gall, to drive the car for him, for the pleasure and comfort of the said defendant, and his said wife; also for the pleasure and comfort of his said minor son, the said Andrew Gall.

"That on to-wit: the 16th day of November, A. D. 1924, at to-wit: the hour of eight o'clock, P. M. of said date, the plaintiff was riding as a passenger in an automobile commonly called a Studebaker, then and there the property of one Tusko Denny, then and there being lawfully driven by the said Tusko Denny, upon and along a certain public highway in the City of Danville, County and State aforesaid, said highway being then and there commonly called East Main Street, where said East Main Street is intersected by what is commonly called Fifth Avenue in the said City of Danville; that the said Tusko Denny was then and there driving his said automobile from said East Main Street to and upon said Fifth Avenue, and was then and there driving his said automobile in a Northeasterly direction; that the plaintiff was then and there and at all the times hereafter mentioned, in the exercise of due and ordinary care for her own safety; and that on to-wit the day and at the time aforesaid, the said Andrew Gall, was driving the said automobile of the said John Gall, Senior, aforesaid for his own pleasure in a Westerly direction on said East Main Street, at a place where said East Main Street is intersected by what is commonly called Fifth Avenue in said City of Danville.

"That the said Andrew Gall was then and there driving said Buick automobile for his own pleasure and for one of the purposes for which the said automobile was then and there kept and maintained, by

the defendant, and was then and there driving the said Buick automobile with the consent, knowledge and permission of the said defendant and within the purpose for which the defendant purchased, kept, maintained and controlled said Buick automobile, and the said defendant, by the said Andrew Gall, then and there acting as the agent for the said defendant, and while driving said Buick automobile for one of the purposes for which the defendant then and there kept and maintained said Buick automobile, did negligently and carelessly drive and run said Buick automobile into the right side of the said Studebaker automobile, in which the plaintiff was then and there riding at to-wit the place aforesaid, and thereby and by reason of such negligence and carelessness of the said defendant, by his agent in that behalf, the said automobile then and there in charge of the said Andrew Gall, did run into and strike the said automobile then and there in charge of the said Tusko Denny, in which the plaintiff was then and there riding, and then and there did throw the plaintiff against the different parts of the automobile in which she was then and there riding and did then and there fracture four bones of the pelvis of the plaintiff, and otherwise did bruise, hurt and injure the plaintiff.''

The allegations in the second count are substantially the same as in the first, but the negligence charged therein is that the appellee's car was driven at an excessive rate of speed.

The controverted question raised by the demurrer, and which the court decided adversely to the appellant's contention, is whether the father, as owner of the automobile, is liable for the alleged negligence of the son while driving the father's car, under the circumstances alleged. It will be noticed that the averments in the declaration are to this effect: That the appellee purchased and maintained the automobile in question for the pleasure and comfort of himself and the members of his family, who lived together in the same household, and which included the son referred to; that the father could not drive his own

car, and hence had to rely on other members of the family to perform that service for the family, in order to effectuate the purpose for which he had purchased and for which he was maintaining the car; that at the time of the collision the son was using the car for his own pleasure, and as a member of appellee's family, with the permission of and by the authority of the appellee, and was his agent. These allegations in the declaration apparently bring the case directly within the rule announced by the Supreme Court in *Gates v. Mader,* 316 Ill. 313. Under the rule there announced we are of opinion that the declaration stated a cause of action. The judgment is therefore reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*