SHERMAN G. KING *v.* DR. F. D. SMYTHE.

*(Jackson.* April Term, 1918.)

1. **PARENT AND CHILD.** Parent's liability for act of child.

Where property has been injured by the negligent operation of an automobile driven by the owner's son, the owner's liability depends on whether the son was his servant and engaged upon his business at the time. (*Post, pp.* 221, 222.)

Cases cited and approved: Goodman v. Wilson, 129 Tenn., 464; Kayser v. Van Nest, 125 Minn., 277; Hartley v. Miller, 165 Mich., 115; McNeal v. McKain, 33 Okl., 449; Birch v. Abercrombie, 74 Wash., 486; Griffin v. Russell, 144 Ga., 275; Van Blaricom v. Dodgson, 220 N. Y., 111; Mirick v. Suchy, 74 Kan., 715; Chastain v. Johns, 120 Ga., 977.

2. **NEGLIGENCE.** Owner of dangerous instrumentality. Automobiles. Dangerous agency.

An automobile is not a "dangerous agency" so as to make its owner liable for injuries to travelers inflicted while being driven by another person, irrespective of the relationship of master and servant or principal and agent. (*Post, p.* 222.)

Cases cited and approved: Jones v. Hoge, 47 Wash., 663; Goodman v. Wilson, 129 Tenn., 464.

3. **PARENT AND CHILD.** Parent's liability for child's negligence.

Where a father allows his son to drive an automobile which he has furnished for the pleasure of his family, whereby the son injures the property of a third party, the father is liable; the son while so driving acting in the furtherance of the father's purpose. (*Post, pp.* 222-227.)

Cases cited and approved: Van Vlaricom v. Dodgson, 220 N. Y., 111; Reilly v. Connable, 214 N. Y., 586.

King v. Smythe.

4. **PARENT AND CHILD.** Injury to third person. Evidence. Sufficiency.

Where the son of the owner of an automobile injured the property of a third party while driving the car for his own pleasure with his father's permission, evidence *held* to support a verdict for plaintiff. (*Post, p.* 227.)

### FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—A. B. Pittman, Judge.

THOMAS M. SCRUGGS, for plaintiff.

BELL, TERRY & BELL and SETTLE & BENTLEY, for defendant.

Appeal from the Circuit Court of Shelby County. —A. B. Pittman, Judge.

MR. JUSTICE LAUSDEN delivered the opinion of the Court.

King brought this suit in the circuit court of Shelby county to recover damages for injuries to an automobile occasioned by a collision between it and an automobile owned by the defendant being driven by his son. The defendant is a physican and surgeon in the city of Memphis, and his practice is confined to surgery and teaching surgery. His statement of the relationship of the son to himself and the automobile was accepted by plaintiff below, and is as follows:

King v. Smythe.

"I was not in my car at the time of this accident, and no member of my family was in the car at the time, except my son Frank W. Smythe. At the time this accident occurred, Frank my son, was not on any of my business nor engaged in the performance of any service for me. Frank is now in his twenty-fifth year, and at that time was a year younger than he is now. My son is in the senior class at the Tennessee University Medical College, and at the time of the accident he was a medical student, and residing at my home, where he is still living. He is not employed by me—I am just simply taking care of him and trying to educate him. I do not know how he happened to have the car out on that night of that particular occasion. He frequently drives out in the evenings alone or with his friends when I am not using *a professor* the car. He is at liberty to use my car, and he don't have to ask me for permission on a specific occasion. If he had any duty to perform for me, I would direct him to do it, but, generally speaking, my chauffeur drives me and my family when we are using the car. When he (Frank) is using the car he is using it on his own business, his own pleasure, and not mine. My son lives with me as a part of my family, has always done so, and has never had any home except my home. At the time of this accident he was, and has always been a member of my family, and has been a student at the university. I have supported him and maintained him, as he had no chance to make a living himself. I own and maintain this car

for my professional purposes and for the pleasure of any members of my family; if I am not using the car, of course it is at their disposal. Generally speaking, my son has my permission to use my car if it is not likely to be summoned, and he understands when he is out visiting I have to keep in touch with him so as to be able to get my car. I would not deny him the use of the car if he wanted to go out to the park, or some place, if I was not using it, and it was the same with any other member of my family—if I was not using the car they didn't have to have my consent for a specific occasion, for they understood it is subject to their use, if I am not using it. He was not using my car wrongfully on the occasion this accident happened; that is, he had a right to use it, and I would not object to his using it."

The statement of Dr. Smythe contains some conclusions of law made by him, but it fairly establishes that his son was a member of his family, was provided for in every particular as other members of the family, and that the son had the permission of the father to use the automobile upon the occasion of the accident. It can make no difference that the permission given the son by the father was general and not particular. He expressly says that the son did not need to ask him for the car if he was not using it himself, and admittedly he was not using it, or wanting to use it, at this particular time. He also states that the son was not upon his business or on any service for him, but was on his own business. This

King v. Smythe.

is a conclusion of law. The son was on his own pleasure. We also think that it can make no difference, so far as liability is concerned, that the son was the only member of the family in the car at the time of the collision. The car was bought and maintained for the professional purposes of . the defendant, and for the pleasure of his family. This can only mean that when the car was not in use by the defendant for his professional purposes, and is in use by any member of his family for pleasure, it is being used for one of the purposes for which it was bought and maintained.

Hence the question for decision is whether defendant is liable for accidents occurring by reason of the admitted negligence of his son while driving defendant's automobile bought for the purpose stated, by defendant's permission, and for the son's pleasure.

Under well-settled principles, the defendant's liability must depend upon whether the son operating the automobile was his servant and engaged upon his business at the time the negligence occurred. *Goodman* v. *Wilson* 129 Tenn., 464, 166 S. W., 752, 51 L. R. A., (N. S.), 1116; *Kayser* v. *Van Nest,* 125 Minn., 277, 146 N. W., 1091, 51 L. R. A. (N. S.), 970; *Hartley* v. *Miller,* 165 Mich., 115, 130 N. W., 336, 33 L. R. A. (N. S.), 81; *McNeal* v. *McKain,* 33 Okl., 449, 126 Pac., 742, 41 L. R. A. (N. S.), 775; *Birch* v. *Abercrombie,* 74 Wash., 486, 133 Pac., 1020, 50 L. R. A. (N. S.), 59; *Griffin* v. *Russell,* 144 Ga. 275, 87 S. E., 10 L. R.

A., 1916F, 2165 Ann. Cas., 1917D, 994; *Van Blaricom* v. *Dodgson,* 220 N. Y., 111, 115, N. E., 443, L. R. A., 1917F, 363. The selected cases cited are elaborated, annotated, and show that all the courts apply this rule.

The rule as stated excludes the idea that defendant could be liable for the torts of his son because of the relationship existing between them. *Mirick* v. *Suchy,* 74 Kan., 715, 87 Pac., 1141, 11 Ann. Cas., 366; *Chastain* v. *Johns,* 120 Ga., 977, 48 S. E., 343, 66 L. R. A., 958.]

It is also well established that an automobile is not a dangerous agency so that its owner is liable for injuries to travelers on the highways inflicted while being driven by another, irrespective of the relationship of master and servant, or principal and agent. [*Jones* v. *Hoge,* 47 Wash., 663, 92 Pac., 433, 14 L. R. A. (N. S.), 216, 125 Am. St. Rep., 915; *Goodman* v. *Wilson,* supra.

The court of appeals was of opinion that the facts stated did not create a *prima facie* case of liability which would authorize a submission of the question of defendant's liability to a jury, and for that reason alone dismissed the suit. The question of the parent's liability for damages occasioned by his automobile when driven by a member of his family, with his permission, and which he bought for the use and pleasure of his family, has not so far been decided in this State. The authorities cited above all discuss the question, and the annotator's notes to the cases,

as well as the cases themselves, show that the numerical weight of authority is in favor of the parent's liability. In a recent case by the court of appeals of New York, the theory of liability is vigorously combated in an opinion prepared by Chief Justice Hiscock. The court of last resort in many States sustain liability upon the theory that the member of the family is upon the defendant's business, and is his agent for the purpose when driving for pleasure in a car furnished by the father for the pleasure and entertainment of his family. It is said substantially that the father has made it his business to entertain the members of his family when he purchases an automobile for that purpose and delivers it to them for such use. In many cases it is said that no difference can be preceived between such a case and a case where a man buys a business truck and employs a chauffeur to drive it in the prosecution of his business. This idea is combated by the court of appeals of New York in *Van Blaricom* v. *Dodgson,* 220 N. Y. 111, 115, N. E., 443, L. R. A., 1917F, 363. This case admits that the numerical weight of authority is perhaps against the opinion, but says the views therein expressed find support directly and indirectly in several cases cited. We have not examined all of those cases, but we have examined some of them, and they do not directly support the opinion. They do support the idea expressed in the opinion concerning the rule of agency, but they do not discuss or apply the rule in the case of an automobile driven

by the son of defendant under conditions stated in the cases which the opinion combats. The gist of the reasoning of this authority is contained in the following excerpt:

"The proposition of liability urged in this case, however, goes further. It asserts that the father is liable for negligence in the management of his automobile by an adult son when the latter is pursuing his own exclusive ends, absolutely detached from accomodation of the family or any other member thereof. On its face a proposition seems to be self-contradictory which asserts that a person who is wholly and exclusively engaged in the prosecution of his own concerns is nevertheless engaged as agent in doing something for some one else. It has always been supposed that a person who was permitted to use a car for his own accommodation was not acting as agent for the accommodation of the owner of the car. *Reilly* v. *Connable*, 214 N. Y., 586 L. R. A., 1916A, 954, 108, N. E. 835, Ann. Cas., 1916A, 656. The attempt is made, however, to reconcile these apparently contradictory features of this proposition by the assertion that the father had made it his business to furnish entertainment for the members of his family, and that, therefore, when he permitted one of them to use the car, even for the latter's personal and sole pleasure, such one was really carrying out the business of the parent, and the latter thus became a principal, and liable for misconduct. This is an advanced proposition in the law of principal

King v. Smythe.

and agent, and the question which it presents really resolves itself into the one whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains some article for family use, and occasionally permits a capable son to use it for his individual convenience, ought to be regarded as having undertaken the occupation of entertaining the latter, and to have made him his agent in this business, although the act being done is solely for the benefit of the son. That really is about all there is to the question."

It seems to us that the foregoing reasoning is more concerned with what the learned court considered pure logic than with the practical administration of the law. If a father purchases an automobile for the pleasure and entertainment of his family, and, as Dr. Smythe did, gives his adult son, who is a member of his family, permission to use it for pleasure, except when needed by the father, it would seem perfectly clear that the son is in the furtherance of this purpose of the father while driving the car for his own pleasure. It is immaterial whether this purpose of the father be called his business or not. The law of agency is not confined to business transactions. It is true that an automobile is not a dangerous instrumentality so as to make the owner liable, as in the case of a wild animal loose on the streets; but, as a matter of practical justice to those who are injured, we cannot close our eyes to the fact that an automobile possesses excessive weight, that it is capable of running at a rapid rate of speed, and

when moving rapidly upon the streets of a populous city, it is dangerous to life and limb and must be operated with care.  If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained.  A judgment for damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form. The father, as owner of the automobile and as head of the family, can prescribe the conditions upon which it may be run upon the roads and streets, or he can forbid its use altogether. He must know the nature of the instrument and the probability that its negligent operation will produce injury and damage to others.  We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent.  If owners of automobiles are made to understand that they will be held liable for injury to person and property occasioned by their negligent operation by infants or others who are financially irresponsible, they will doubtless exercise a greater degree of care in selecting those who are permitted to go upon the public streets with such dangerous instrumentalities.  An automobile cannot be compared

with golf sticks and other small articles bought for the pleasure of the family. They are not used on public highways, and are not of the same nature of automobiles.

The court of appeals held that there was no evidence to support the verdict. We think this was error. The ownership of the automobile by defendant Smythe, and the fact that it was being driven by a member of his family with his permission, coupled with the further fact that the automobile was purchased and maintained for this purpose, among others, made a prima-facie case of liability. Many cases hold that the ownership of the automobile merely makes a prima-facie case that it was then in the possession of the owner, and whoever was driving it was doing so for the owner. *Birch* v. *Abercrombie,* supra. But this case is not left to such presumption. It is further proven that the automobile was being driven by defendant's son with defendant's permission, for the son's pleasure, and that defendant bought the automobile partly for such purpose.

The negligence of defendant's son and the amount of damages inflicted are not in dispute. The only question made here is the liability of defendant for the injuries sustained. Accordingly, the judgment of the court of civil appeals is reversed, and that of the circuit court is affirmed.