---

(No. 13945.—Appellate Court reversed; superior court affirmed.)
JOHN GRAHAM, Plaintiff in Error, *vs.* J. H. PAGE, Defendant in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. NEGLIGENCE—*when owner of automobile is liable for injury caused by negligent driving by his minor child.* The owner of an automobile is liable for an injury caused by the negligent driving of the car by his minor child where the car is kept for family use and pleasure and where the accident occurs while the car is being driven by the child on a family errand with the permission of the owner; but the liability rests upon the principle of agency and not on the relationship of parent and child. (*Arkin* v. *Page*, 287 Ill. 420, distinguished.)

2. SAME—*when cause need not be remanded to Appellate Court.* In a personal injury suit, where the Appellate Court does not pass upon the question whether the negligence of the defendant's agent was the proximate cause of the injury but reverses a judgment for the plaintiff upon the proposition that the defendant is not liable for the agent's act, the Supreme Court, upon holding that there is a cause of action, may reverse the judgment of the Appellate Court without remanding the cause and affirm the trial court's judgment for the plaintiff, where it is clear that the negligence of the agent was the proximate cause of the injury and where the sufficiency of the plaintiff's proof is not argued or referred to by the defendant in his brief.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding.

C. HELMER JOHNSON, for plaintiff in error.

BURT A. CROWE, (ROY A. NUTT, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

John Graham, a minor, by his next friend, sued J. H. Page and Marva Page to recover damages for personal injuries sustained. The trial of the case resulted in a judgment for plaintiff against J. H. Page for $3500, from which judgment defendant prosecuted an appeal to the Appellate Court for the First District. That court reversed the judgment without remanding the case. On the petition of plaintiff this court granted a writ of *certiorari,* and the record is brought before us for review.

The injuries to plaintiff occurred September 11, 1918, and resulted from the collision of an automobile driven by Marva Page and a bicycle on which plaintiff was riding. J. H. Page was the father of Marva, who was driving her father's automobile at the time the accident happened. She was then sixteen years old and resided with her father, whose family consisted of a wife and the one daughter. To the declaration both defendants pleaded the general issue and defendant J. H. Page filed two special pleas: First, that he was not possessed of, operating, controlling, driving or using the automobile when the accident occurred; second, that at the time and place mentioned in the declaration the automobile was not being used, controlled or driven by him or by his agent or servant. At the close of the testimony Marva Page was dismissed from the case.

The view of the Appellate Court was, as shown by its opinion, that the case is controlled by *Arkin* v. *Page, 287* Ill. 420, and defendant so contends here, while plaintiff insists that the facts proven on the trial in this case so distinguish it from *Arkin* v. *Page, supra,* that that case is not controlling.

At the time of plaintiff's injury he was returning to a grocery store where he was employed. He had gone from the store to the residence of defendant to deliver a sack of flour which some member of defendant's family had ordered. In delivering the flour plaintiff used an alley running east and west in the rear of defendant's residence and connecting with Blackstone avenue, a north and south street east of defendant's residence. After delivering the flour plaintiff mounted his bicycle and rode east out of the alley into Blackstone avenue, where he collided with the automobile driven by Marva Page and sustained the injuries complained of. A young lady friend of Marva was in the car with her but no member of her family. Marva Page testified she used the car at the time in question to go to a shoe shop to get a pair of her shoes she had left there to be repaired. Evidence on behalf of plaintiff tended to prove that as he approached Blackstone avenue from the west, the car, which was going north, was on the west side of the avenue and appeared about to turn into the alley plaintiff was coming out of. The driver of the car gave no warning of her approach and the view of the street from the alley was obstructed by a building on the corner on the south side of the alley. Plaintiff's evidence tended to show he was riding slowly,—about five miles an hour,—and the automobile was being driven at a speed of fifteen or twenty miles an hour, and on the west side of the street instead of the east side, as required by ordinance. Plaintiff's proof as to the speed of the automobile and the side of the street it was being driven on was disputed by proof for defendant.

It cannot be denied plaintiff's proof tended to show the negligence of the driver of the car was the proximate cause of the injury. The question then is presented whether the law imposes a liability on defendant for the damages sustained by plaintiff. This question, under somewhat varying facts, has been the subject of adjudication in many of our States, and the decisions are not in harmony. Those hold-

ing the owner of an automobile liable for injuries caused by the negligent driving of a car by the child of the owner base the liability on the ground that the child was the servant or agent of the owner, and have sustained liability where the car was purchased and kept solely for the pleasure of the owner's family and a member of the family was driving it for his own pleasure when the injury occurred. The courts taking that view say the car was being used by authority of the owner for the purpose for which it was procured and kept, namely, the comfort, pleasure and entertainment of the family, which it is the duty of the father to provide for his family. Many of the cases holding that view will be found cited in the dissenting opinion in *Arkin* v. *Page, supra,* and need not be again cited. So, also, many of the cases holding the opposite view will be found cited in the court's opinion in that case. The facts in that case did not present the question as it is presented here. In this case defendant's daughter was not merely driving the car for pleasure but was using it on a family errand,—one of the purposes her father testified he kept the car for and one of the purposes he testified his daughter was authorized to drive it for. The daughter was only sixteen years old, was engaged in no business, earned no money, but lived with her parents and was clothed by them. It was the duty and business of her father to provide her shoes, and, when needed, to have them repaired. Instead of her father taking her shoes to the shop for repair and getting them there when that had been done he permitted his daughter to do it and authorized the use of the car by her for that purpose. She was performing the business and duty of her father in the manner and with the means authorized by him. She was, if not the servant, at least the agent of her father in the performance of the duty or business. Liability does not, of course, rest on the mere relationship of parent and child. Cases may arise, and have arisen, where the facts proven created the relationship of master and servant be-

tween the owner of an automobile and a son employed to
drive it for his father, but we think the facts in this case
created the relation of agency of the driver to the owner
of the automobile. Some, or at least one, of the courts
holding there can be no liability of the owner of the car in
such a case have not strictly adhered to that view. *Doran* v.
*Thomsen,* 76 N. J. L. 754, is much cited and relied on by
courts taking that view. In that case the daughter of the
owner of an automobile was driving a car on a public high-
way for her own pleasure and that of some personal friends,
who were with her when she negligently injured a person
on the highway, and the court held the owner was not liable.
In *Missell* v. *Hayes,* 86 N. J. L. 348, the owner of the car
was sued for the negligent injury of a person by the car
while it was being driven by the owner's son. There were
in the car at the time of the injury also the son's mother
and his sister and guests of the son and his sister, who had
been invited to take a trip the son was making for his own
pleasure. The court held that under the evidence, whether
the son in operating the car, which was purchased and kept
for the use of the family, was acting as his father's servant
was a question to be determined by the jury. The case was
distinguished from *Doran* v. *Thomsen, supra,* on the ground
that in that case the owner's daughter was the only member
of his family in the car, and in *Missell* v. *Hayes, supra,*
there were other members of the owner's family in the car
besides his son. That does not appear to be a valid basis
for distinction, but rather to indicate the court was not in-
clined to again approve the former decision. The weight
of authority supports the liability of the owner of a car
which is kept for family use and pleasure where an in-
jury is negligently caused by it while driven by one of his
children by his permission, and the reasoning of those cases
seems sound and more in harmony with the principles of jus-
tice. We agree with the Supreme Court of Tennessee that
where a father provides his family with an automobile for

their pleasure, comfort and entertainment, "the dictates of natural justice should require that the owner should be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained." (*King* v. *Smythe,* 140 Tenn. 217.) The subject received elaborate discussion and many authorities *pro* and *con* are cited in notes found in 5 A. L. R. 226, 50 L. R. A. (N. S.) 59, and 41 id. 775.

The liability of defendant, and plaintiff's right to recover damages of him if his damages resulted from the negligence of defendant's daughter, is supported by the decided weight of authority and the general principles of law. The Appellate Court did not pass on the question whether the negligence of Marva Page was the proximate cause of the injury but based its decision on the supposed controlling effect of *Arkin* v. *Page, supra.* We are of opinion the facts in this case clearly distinguish it from that case. The evidence on the part of plaintiff, to say the least, tended to show negligence of the driver of the car was the proximate cause of the injury, and while there was some conflict between plaintiff's evidence and defendant's on that question, the sufficiency of plaintiff's proof is not argued or referred to by defendant in his brief in this court. We have read the testimony and it seems clear that it is sufficient to sustain the verdict on appeal, and the judgment could not reasonably be reversed on the ground that it was contrary to the evidence on the question of negligence of the driver being the proximate cause of the injury. In view of that state of the record we ought not to remand the case to the Appellate Court to consider that question.

The judgment, therefore, of the Appellate Court is reversed and the judgment of the superior court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*