(No. 16302.—Judgment affirmed.)
PHILLIP GATES, Defendant in Error, *vs.* GEORGE MADER,
Plaintiff in Error.

*Opinion filed February 17, 1925—Rehearing denied April 21, 1925.*

1. NEGLIGENCE—*when owner is liable for injury caused by automobile driven by his son.* An owner of an automobile who keeps the car for the pleasure and convenience of his family and allows his son to drive it is liable for an injury to a pedestrian caused by the negligence of the son when driving the car to take his mother and her friends on a social errand, even though the son was of age and did not live at home. (*Arkin* v. *Page,* 287 Ill. 420, distinguished.)

2. SAME—*when witness may relate telephone conversation.* In an action against the owner of an automobile for an injury due to the negligence of his son, who was driving the car, the physician who attended the plaintiff immediately after the injury may relate a telephone conversation he had with the defendant, when the objection is not to the competency of the testimony but to the question of its weight or credibility.

DUNN, THOMPSON and DeYOUNG, JJ., dissenting.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

COOKE, SULLIVAN & RICKS, BOWLES & BOWLES, and ORVILLE D. STUART, (OLIVER R. BARRETT, of counsel,) for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court for review by the allowance of a petition for writ of *certiorari.* The parties will be referred to as plaintiff and defendant, as they were in the trial court.

Phillip Gates, plaintiff, sued George Mader, defendant, for a personal injury he sustained by being struck by de-

fendant's automobile while driven by his son. The declaration alleged the negligent operation and control of the automobile and due care and caution of plaintiff. Defendant filed special pleas alleging that at the time of the injury he did not drive, operate or control the automobile personally or by his agent or servant. He did not deny being the owner of the automobile. Plaintiff recovered a judgment against defendant, which the Appellate Court affirmed, and this court granted defendant's petition for a writ of *certiorari* to review the judgment.

No question is involved as to the negligent operation of the automobile or the due care and caution of the plaintiff. Defendant relies on his special pleas as a complete defense. He is an osteopathic physician and owns an automobile, which is used by him in making professional calls and for the pleasure of his family in driving about in the parks and other places. Defendant's wife could not drive the car, but she had the permission and the privilege, when defendant could not drive for the family, of taking the car out for pleasure and getting someone else to drive it. Defendant's son, who was driving the car at the time of the accident, was twenty-four years old, was employed at and lived in the South Shore Hospital and visited his parents about once a week. Defendant testified he never objected to his son driving the car or to taking the family out in it for pleasure. He testified he did not know of the particular drive when the accident occurred until after it was over. The son who was driving the car was named Ervin Mader. In the car with him at the time of the accident were his mother, two sisters, a niece of Mrs. Mader, and a lady friend and her daughter. The women had, sometime before the day of the accident, made a luncheon engagement at the home of Mrs. Kaiser, a lady friend some distance away. They expected to be at Mrs. Kaiser's home about one o'clock and planned to go by street railway. The night before. the accident defendant's wife called up a member of

the party and said they would go in an automobile. Ervin, the son, had returned home the evening before the accident and agreed to drive the family in the car to the luncheon. While on their way the accident happened.

Defendant contends this case is controlled by the decision in *Arkin* v. *Page,* 287 Ill. 420, and plaintiff contends it is controlled by *Graham* v. *Page,* 300 Ill. 40. In the *Arkin case* the son was not using the car for pleasure or for any family purpose. He was driving alone to a school (Lewis Institute) to see if he could register as a student in the summer school. His father knew nothing about his intention to attend the school and knew nothing about his taking the car from the garage to drive to the institution. The son had never talked to the father about going to the school, and intended to pay his own tuition out of money he had in the bank. The father knew the son was in the habit of driving the car, and did not object. In the *Graham case* a sixteen-year-old daughter of the owner of the car was driving it at the time of the accident and no member of her family was with her. The daughter was driving to a cobbler's to get a pair of shoes which had been left to be repaired. The court held she was engaged in performing the duty and business of her father and the relation of agency existed. It was decided in the *Arkin case* that the mere relationship of parent and child did not create the relation of servant or agent, but that, even if it did create such relationship, the principle would apply that an agent or servant's negligence, when not acting for his principal but is engaged in business of his own and is pursuing his own interests exclusively, does not render the principal liable. The *Arkin case* cites several decisions which support it and refers to others holding the contrary. It is not denied that the weight of authority at the time the *Arkin case* was decided did not support the decision, but it is contended that since that decision the weight of authority has shifted and now supports it, and it is asserted that a ma-

jority of the States are aligned against what counsel call the "family purpose" doctrine. The authorities are in great conflict. Some States have held a father, the owner of the car, liable for his son's negligence when the son is the only member of the family occupying the car. Many States hold the father liable when other members of the family are in the car, some cases hold liability exists only when other members of the family are in the car, and some that the father is not liable regardless of the number of members of the family in the car. We shall not extend this opinion by citing and commenting on the conflicting cases.

The States of Nebraska, Washington, North Carolina, Oklahoma, Georgia, New Mexico, Kentucky, Iowa and Minnesota are cited in defendant's brief as holding the father liable whether the car is being used by one or more members of the family, and New York as having decided both ways. Counsel say the decisions are based on the family-purpose doctrine and that this court has repudiated that doctrine. To support that statement counsel cite a sentence from the dissenting opinion in the *Arkin case* that there is no difference concerning liability whether one or more members of the family are in the car and a sentence from the opinion in the *Graham case*. In commenting on the decisions of the New Jersey court in *Doran* v. *Thomsen,* 76 N. J. L. 754, where a daughter was driving the car and was the only member of the family in it and it was held there was no liability, and *Missell* v. *Hayes,* 86 N. J. L. 348, where there were several other members of the family in the car, which was driven by a son, and it was held the father was liable, this court said in the *Graham case* that did not appear to be a valid basis for the distinction, but rather seemed to indicate the court was not inclined to approve its former decision. We said in that case that the weight of authority supported the liability of the owner of a car kept for family use and pleasure when an injury was negligently caused by it while driven by one of his children.

The question involved in this case is whether, under the evidence, defendant is liable. At the time of the injury the car was being driven by defendant's son for the pleasure and convenience of the family. It is settled by the judgment of the Appellate Court that the son was driving it with the permission of defendant and that the car was being used for one of the purposes it was kept for. If defendant had himself been driving, it could not be denied he would have been liable for negligent injury, and the decided weight of authority, we think, makes him liable, under the evidence in this case, for the negligence of the son. *Jordan* v. *Smith,* 211 Mass. 269; *Boes* v. *Howell,* 173 Pac. 966; *Denison* v. *McNorton,* 228 Fed. 402; *McNeal* v. *McKain,* 126 Pac. 742; *Stowe* v. *Morris,* 147 Ky. 386; *Stevens* v. *Luther,* 180 N. W. 87; *Crossett* v. *Gollzer,* 188 id. 647; *Jaeger* v. *Salentine,* 177 id. 886; *Upphoff* v. *McCormick,* 139 Minn. 132; *Crawford* v. *McElhinney,* 171 Iowa, 606; *King* v. *Smythe,* 140 Tenn. 217; *Birch* v. *Abercrombie,* 74 Wash. 486.

In our opinion liability in this case is based on reason and justice. Defendant denied he knew that the car was going to be used on the particular occasion but admits its use was authorized by him. This case is not controlled by the *Arkin case.*

We do not think the question of defendant's liability is affected by the fact that his son was of adult age and worked and lived in a hospital. In some of the cases where liability was sustained the son or daughter who was driving the car was a minor, but we do not recall that any case made a distinction on account of age, under facts similar to those involved in this case.

It is also insisted the court committed reversible error in permitting Dr. Denison to relate a telephone conversation he said he had with defendant. The objection relates more to the weight and credibility of the testimony than to

its competency. The mere fact that the conversation was over a telephone does not render it inadmissible.

There was no substantial error committed by the court in giving and refusing instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

DUNN, THOMPSON and DEYOUNG, JJ., dissenting.