DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1926.

---

### Daisy B. Beesley, Appellee, v. Benjamin Goldstein, Appellant.

### Gen. No. 30,099.

1. PARENT AND CHILD—*responsibility for negligence of member of family in driving automobile kept for their general use.* The owner of an automobile is responsible for damages caused by negligence in its use by any member of his family, where he maintains the vehicle for their general use and pleasure and they have his general permission to use it whenever they have occasion to.

2. PARENT AND CHILD—*sufficiency of evidence to show use of automobile within general purpose for which it was kept by owner.* Where the owner of an automobile kept it mainly for the general use of any members of his family who could drive it and cared to, evidence of the use of the vehicle by his unmarried daughter, 20 years old, who made her home with her father, in driving about the city with her fiancé and his sister, intending later to take the sister to her home and then drive to some place of amusement to spend the evening, held sufficient to show a use of such vehicle within the purpose for which it was kept, although the father did not know that his daughter was going to use the car on this particular occasion, and although the engagement between his daughter and her fiancé was later broken.

Appeal by defendant from the Superior Court of Cook County; the Hon. TIMOTHY D. HURLEY, Judge, presiding. Heard in the third

division of this court for the first district at the March term, 1925. Affirmed. Opinion filed January 20, 1926.

ALFRED ROY HULBERT, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant seeks to reverse a judgment for $4,000, recovered against him by the plaintiff in the superior court of Cook county. The plaintiff brought her action to recover damages caused by injuries she suffered as a result of being struck by an automobile which, at the time, was being driven by the defendant's daughter, a young woman 20 years of age. The daughter was unmarried and living with her father. The defendant had owned this car for about a year. Now and then he had occasion to use it in connection with his business, but for the most part it was kept for the general use of any members of his family who could drive it and cared to. The daughter who was driving the car at the time of the plaintiff's injury, used the car frequently. The defendant did not know his daughter was going to use the car on this occasion, but she had his general permission to use it for her pleasure whenever she cared to, and without giving him special notice. With the defendant's daughter in the car, at the time of the accident, was her fiancé and his sister. The defendant's daughter was driving them about the city, intending later to take her fiancé's sister to her home and then drive to some place of amusement, where she and her fiancé were to spend the evening.

In her declaration the plaintiff charged that the defendant was the owner of the automobile by which she had been injured and that he had provided and maintained the car for the convenience, pleasure, comfort

and entertainment of his family, and that at the time the plaintiff was injured, the defendant's daughter, with his consent, was operating the automobile for her convenience, pleasure and entertainment and upon the business of the family, and that through her negligence she injured the plaintiff. The defendant filed a plea of the general issue and also a special plea, in which he alleged that, at the time and place in question, he did not own, manage, operate or control the automobile which injured the plaintiff.

No question was made as to the defendant's ownership of the car when the case came to trial. The only question before this court on this appeal is whether, on the facts above stated, the defendant is liable under the law applicable to such situations as laid down by our Supreme Court.

The principal cases in which our Supreme Court has recently been called upon to pass on this question, are *Arkin v. Page,* 287 Ill. 420; *Graham v. Page,* 300 Ill. 40; and *Gates v. Mader,* 316 Ill. 313. After the Supreme Court had decided the *Arkin* case and the *Graham* case, this court rendered a decision in *Cloyes v. Plaatje,* 231 Ill. App. 183, in which a similar situation was presented. In that decision we commented at length upon both the decisions previously rendered by our Supreme Court, and followed the decision of that court as announced in the *Graham* case, pointing out that in that decision the Supreme Court had said that "The weight of authority supports the liability of the owner of a car which is kept for family use and pleasure, where an injury is negligently caused by it while driven by one of his children by his permission, and the reasoning of those cases seems sound and more in harmony with the principles of justice. We agree with the Supreme Court of Tennessee, that where a father provides his family with an automobile for their pleasure, comfort and entertainment, 'the dictates of natural justice should require that the owner be respon-

sible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained.' (*King v. Smythe*, 140 Tenn. 217.)''

Later, the Supreme Court handed down its decision in the case of *Gates v. Mader, supra,* in which they reaffirmed the decision which had previously been rendered in the *Graham* case, saying again that ''The weight of authority supported the liability of an owner of a car kept for family use and pleasure, when an injury was negligently caused by it when driven by one of his children.''

There is a distinct division of opinion in the courts of last resort in the various states on this question. The decisions of our Supreme Court in the *Graham* case and the *Mader* case have definitely placed our state among those adhering to the rule making the owner responsible for damages caused by the negligent use of the automobile by any members of his family, where he maintains it for their general use and pleasure and they have his general permission to use it whenever they have occasion to. The other rule, limiting the liability in such cases to those in which it can be shown that at the time the injury was inflicted the car was being used not only with the owner's knowledge and permission, but in connection with some matter in which he or the family was directly interested, must, in many instances, prevent the substantial justice called for by the circumstances. An automobile is a comparatively modern vehicle. Its use involves many more elements of serious danger than was the case with vehicles of less speed and power, especially when driven by those who are not expert. As our Supreme Court well said in the *Graham* case, it seems not only sound, but ''more in harmony with the principles of justice,'' to hold the owner liable where he maintains the car for the use and pleasure of his family and damages are caused by the negligent driving of some member of the family.

The defendant seems to attempt to distinguish the facts in the case at bar from those involved in *Gates v. Mader, supra,* contending that in the latter case the court held the owner liable because at the time the injuries there involved were inflicted, the car was being used for one of the purposes for which the owner was maintaining it, namely, the pleasure of the family, as a family. In that case an adult son was driving his mother, two sisters, a cousin and two friends of his mother's, to a luncheon to which the family had been invited. The contention is that in the case at bar the defendant's daughter, at the time the plaintiff was injured, was using the defendant's car for a purpose which was foreign to that for which the defendant maintained it. We are unable to appreciate the distinction sought to be made. It was admitted by both the defendant and his daughter that he maintained the car, among other reasons, for the pleasure of that daughter. That the particular use she was making of the car, at the time the plaintiff was injured, namely, taking her fiancé and his sister out for a drive about the city, was at that time well within the purpose mentioned, permits of no question, notwithstanding the fact that defendant's brief advises us that later the engagement between the defendant's daughter and her fiancé was broken.

In our opinion, the facts involved in the case at bar bring it strictly within the rule of liability which we conceive to have been established by the decisions of our Supreme Court. The judgment of the superior court is therefore affirmed.

*Judgment affirmed.*

Taylor and O'Connor, JJ., concur.