Scott v. Greene, 242 Ill. App. 405.

## John A. Scott, Appellee, v. J. Kent Greene, Appellant.

## Gen. No. 31,103.

1. PARENT AND CHILD—*when evidence to show independent status of adult daughter admissible in action against father for injury by her negligent driving.* In an action for injuries caused by the negligent driving of an automobile by the adult daughter of the owner, it was error to exclude testimony tending to show that the daughter, while living with her parents, was entirely self-supporting, paid them for her board, and paid all expenses in connection with her use of the car.

2. PARENT AND CHILD—*when adult daughter not member of family within rule of liability of parent for her negligent driving of his automobile.* An adult daughter of the owner of an automobile, who, although living with her parents, was entirely self-supporting and paid for her board and all the expenses incident to her use of the car, was not a member of the owner's family within the rule rendering the head of a family who keeps an automobile for the use of his family liable for the negligence of members of the family while using it for a family purpose.

3. PARENT AND CHILD—*sufficiency of evidence to show use of father's automobile by adult daughter not for family purpose.* Evidence in an action for injuries due to the negligent driving of an automobile by the adult daughter of the owner held to show that the daughter was not using the car, at the time of the accident, for any family purpose.

4. PARENT AND CHILD—*when evidence sufficient to show nonliability of parent owning automobile for injury due to its negligent operation by his daughter.* Evidence that adult daughter of automobile owner, although living with him, was wholly self-supporting and paid her own board and all expense incident to her use of car, and that at time of accident due to her negligent driving she was using the car for a pleasure ride with a man whom she later married, held to require his exoneration of liability for injury to third person in such accident, on principles of reason and justice, independently of his nonliability on the theory of agency.

Appeal by defendant from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed November 29, 1926.

J. KENT GREENE, *pro se.*

MOLONEY & POSTELNEK, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an action brought by John A. Scott, the plaintiff, against J. Kent Greene, the defendant, to recover damages for injuries the plaintiff received when he was struck by the defendant's automobile, which was being driven by the defendant's daughter, who, the plaintiff alleges, was the duly authorized agent of the defendant.

The defendant filed the plea of the general issue, and two special pleas. One of the special pleas avers that the automobile was not being used, operated, controlled or driven by the defendant or his agent or servant. The other special plea avers that the defendant was not possessed of, operating, controlling or driving the automobile, either personally or by his agent or servant.

The plaintiff filed two replications. The first alleges that the automobile was owned by the defendant and was being driven by the defendant's daughter, Margery Greene, as his agent, and on a mission for the defendant. The second replication alleges that the automobile "was owned by the said defendant and kept by him for the pleasure and convenience of his family and at the time of the accident referred to in plaintiff's declaration was being driven by Margery Greene, a daughter of defendant, and a member of his household, with his permission."

The case was tried before the court and a jury. The jury returned a verdict in favor of the plaintiff and assessed the plaintiff's damages at the sum of $800. From the judgment on the verdict the defendant has prosecuted this appeal.

In the view we take of the case it will not be necessary to state or discuss the evidence relating to the question of negligence. On that question it will be sufficient to say that we think that the verdict of the jury is not manifestly against the weight of the evidence.

In our opinion the principal question to be decided is whether the defendant is liable for the negligence of his daughter. Before considering this question we will have to determine what evidence the court actually admitted on the question of the family relationship, since the defendant contends that there is a doubt as to the extent of a ruling of the court striking out testimony of the defendant's daughter bearing on the question of the relationship of the defendant and his daughter. The testimony in question, which was given while the daughter was testifying as a witness on behalf of the defendant, was as follows: That she was nearly 24 years old at the time of the accident; that she was a teacher in the public schools of the city of Chicago; that she was living with her parents, but was supporting herself entirely as a public school teacher; that she paid board every month, supporting herself in every way; that she was not receiving any support from her father, and had not received any since September, 1921; that she paid part towards the maintenance of the automobile, ''such as having it washed or taking care of it, anything that happened when'' she ''was with it, for instance, a puncture at one time, spark plugs the second time, anything of that sort done, that was part towards the'' automobile ''so that'' she could ''use it whenever'' she ''desired, whenever it was not in use by'' her parents. At this point the trial attorney for the plaintiff said, ''I object to that, I don't see how it is material.'' The court stated, ''I don't see either, but I am going to let it in.'' The witness then continued her testimony, stating that sometimes she went on the street car to the school

where she taught, and sometimes in the automobile; that that was the understanding she had with her parents when she "paid for a part of the" automobile. Following this point in the testimony of the witness, we shall quote from the record as to the further examination of the witness, the remarks of the court, and the ruling of the court in question:

"Q.  Did your parents furnish you any clothes?"

"A. Not anything at all in any way.  I paid them for my board."

"The Court: They were good to you?"

"A. I like to be independent."

"Mr. Greene (the defendant pro se): Q. From what time did you pay for your own clothing?"

"A. From September, 1921.  I got an education from the family and I thought it was time I turned around—"

"Q.  Now, this evening of June 15, 1923."

"The Court: Now, do you want to move to strike all that out?"

"Mr. Moloney (Trial attorney for the plaintiff): Yes, I do, your Honor."

"The Court: Well, you have it in the record now in case you want to go up on an appeal."

"Mr. Greene: And I would like to be heard before we come to a final conclusion."

"The Court: No, strike it out.  I have ruled."

"Mr. Greene: Note an exception."

"To which ruling of the court the defendant  *  *  * then and there duly excepted."

It is conceded by the defendant that the court should have stricken out the statement of the witness:  "I got an education from the family and I thought it was time I turned around—."  The defendant contends, however, that all of the testimony should not have been stricken out.  On the assumption that the court struck out all of the testimony, the defendant maintains "that the jury was in effect informed that the

evidence was incompetent, so it was excluded from consideration.'' Counsel for the plaintiff do not state explicitly whether they consider the court struck out all of the testimony or not. They merely say that the evidence was cumulative. The only evidence to which it could have been cumulative was the testimony of the defendant's daughter, which she gave when she was called as a witness for the plaintiff, and the testimony of the defendant himself. The testimony of the daughter as a witness on behalf of the plaintiff was as follows: That she had driven the automobile to work very often; that permission of her father to drive it was hardly necessary as she paid her own expenses; that she did not own the automobile; that she bought her own gasoline; that she took the automobile without any objection at all; that she could not say that her father knew on every occasion that she took it, because they had an understanding; that he knew whenever necessary. The testimony of the daughter as to the understanding that she had with her father was as follows: ''Whenever he wanted it and my mother, I did not have it. Otherwise I had a perfect right to use it, because I had promised to pay for my own gasoline and take care of it. I had it washed once a month, and if I had to be in Evanston or anywhere and I had to keep it in the garage over night, I had to stand the expense.''

The testimony of the defendant was as follows: That he was not present at the time of the accident; that his daughter was a school teacher in the public schools of Chicago; that he had ''no personal knowledge whatsoever what his daughter was using the car for''; that he owned the automobile.

In our opinion when the ruling in controversy in regard to the testimony of the defendant's daughter, when she testified in behalf ,of the defendant, is construed in connection with the ruling in which the court said as to part of the testimony that he was ''going

to let it in," there is some doubt whether the court intended to strike out all of the testimony of the witness. Our conclusion, however, is that the court did intend to strike out all of the testimony of the witness, and that probably the jury so inferred. We do not think that all of the testimony was merely cumulative on the question of the family relationship of the defendant and his daughter; but, even if it were, we think it should have been admitted. In our view the testimony contains additional facts which are not cumulative and which are very material on the question of the relationship. These additional facts are that the daughter supported herself entirely in every way and received no support whatever from either her father or her mother; that her parents did not even furnish her clothes; that she paid board every month to her parents. These facts are relevant to the question whether the daughter was a member of the family of the defendant in the sense that the word "family" means those who live with one on whom they are dependent for support.

On the authority of *Graham v. Page,* 300 Ill. 40, 43, and *Gates v. Mader,* 316 Ill. 313, 315, we think that the court committed reversible error in striking out all of the testimony in question of the daughter of the defendant.

In the case of *Graham v. Page, supra,* in which an accident occurred while a daughter of the defendant was driving the defendant's automobile, the court expressly stated (p. 43): "The daughter was only sixteen years old, was engaged in no business, earned no money, but lived with her parents and was clothed by them."

In the case of *Gates v. Mader, supra,* in distinguishing the case of *Arkin v. Page,* 287 Ill. 420, in which latter case a son of the defendant was driving in the defendant's automobile to a school at which he intended to register as a student, the court said (p. 315)

Scott v. Greene, 242 Ill. App. 405.

that the son "intended to pay his own tuition out of money he had in the bank."

In view of the state of the record in regard to the ruling of the court striking out the testimony in question, we do not think that we should reverse the judgment merely on the erroneous ruling of the court, without expressing an opinion on the question whether on the present record the defendant is liable for the negligence of his daughter. We further are induced to express an opinion on this question because the implication of the argument in the brief of counsel for the plaintiff is that even if the testimony in controversy had not been stricken out, and had been considered as part of the evidence, nevertheless the defendant would be liable for the negligence of his daughter.

The evidence which we have stated in regard to the family relationship of the daughter and the defendant, including the evidence which we have held that the court erroneously struck out, constitutes all of the evidence in the case relating to the question of the family relationship. None of this evidence. is disputed. On this undisputed evidence we are of the opinion that the defendant is not liable for the negligence of his daughter.

The question whether the defendant is liable depends upon the question whether his daughter was his agent while driving his automobile. The liability could not rest on the mere relationship of parent and child. *Arkin v. Page, supra; Graham v. Page, supra; Gates v. Mader, supra.* In the case of *Arkin v. Page, supra,* in considering the question whether the father, Seth H. Page, was liable for the negligence of his son, George J. Page, the court said (pp. 422, 423): "A parent is not liable for the tort of his minor child merely from the relationship. * * * The liability of Seth H. Page, if any, must rest upon the agency of George J. Page."

In the case of *Graham v. Page, supra,* the court said (pp. 43, 44): "Liability does not, of course, rest on the mere relationship of parent and child. Cases may arise, and have arisen, where the facts proven created the relationship of master and servant between the owner of an automobile and a son employed to drive it for his father, but we think the facts in this case created the relation of agency of the driver to the owner of the automobile."

In the case of *Gates v. Mader, supra,* in distinguishing the case of *Arkin v. Page, supra,* the court recognized the rule (p. 315) that the liability of the father, if any, must rest on the doctrine of agency.

It is immaterial in the case at bar whether the daughter should be considered as the servant or the agent of the defendant, as the law of agency is an outgrowth and expansion of the doctrine of master and servant. 31 Cyclopedia of Law and Procedure, p. 1191.

In the case of *Graham v. Page, supra,* the general rule by which agency may be determined in the class of cases such as the one at bar was stated by the court as follows (p. 44): "The weight of authority supports the liability of the owner of a car which is kept for family use and pleasure where an injury is negligently caused by it while driven by one of his children by his permission, and the reasoning of those cases seems sound and more in harmony with the principles of justice." To the same effect is the case of *Gates v. Mader, supra* (pp. 316, 317).

Applying this rule to the case at bar to decide the question whether the daughter was the agent of her father, the defendant, we are of the opinion that she was not his agent and that consequently he is not liable. Under the rule, before the daughter can be said to be the agent of the defendant, these two facts must co-exist: First, the daughter must have been a member of the defendant's family; and second, the daughter

must have been using the automobile for a family use. On the undisputed evidence neither of these facts has been proved. On the contrary the undisputed evidence shows that the daughter was not a member of the defendant's family, and was not using the automobile for a family use. The term family is one of great flexibility and is capable of many different meanings. 25 Corpus Juris, p. 664. As we construe the term family as used in the cases of *Arkin v. Page, supra, Graham v. Page, supra,* and *Gates v. Mader, supra,* although it may not be restricted to a man's wife and children, all of whom live together as one household, it is limited at least to those persons who are dependent on a man for support, and who compose part of his household. In our opinion dependency is an essential element to constitute the family relationship in cases such as the one at bar. The undisputed facts show that the daughter supported herself entirely, and was not dependent upon her father in any way. The undisputed facts also show that the daughter was using the automobile exclusively for her own use and not for a family use.

Counsel for the plaintiff contend that the case of *Beesley v. Goldstein,* 239 Ill. App. 221, "is almost identically in point" with the case at bar; that in the case of *Beesley v. Goldstein* the daughter was taking her fiancé out driving; that subsequent to the accident they were married, and that that "was precisely the situation" in the case at bar. We do not think that those facts were the controlling ones in the case of *Beesley v. Goldstein.* But even if they were, they are not the facts in the case at bar. The undisputed facts in the case at bar show that the daughter and the young man who was out driving with her were not engaged at the time of the accident, although subsequently they married. Furthermore, the evidence in the case of *Beesley v. Goldstein* did not show that the daughter was self-supporting, paid her board to her

parents, and also paid all of the expenses in connection with the automobile when she used it.

In conclusion we may add that in view of the statement of the court in the case of *Gates v. Mader, supra* (p. 317), that the liability of the defendant in that case should be "based on reason and justice," if it should be contended that in the case at bar the liability of the defendant should not be determined on the doctrine of agency, but on the principles of "reason and justice," nevertheless we are still of the opinion that on the facts the defendant should not be held liable for the negligence of his daughter. We do not think that it would be reasonable and just to hold the defendant liable for the negligence of his adult daughter who was self-supporting, paying her board to her parents, and driving the defendant's automobile not as a member of his family for a family use, but for her own exclusive use, and not by right of the defendant's permission granted generally to his family, but by virtue of a special arrangement which she had made with the defendant. In legal effect the daughter was a stranger to the defendant so far as her use of the automobile was concerned.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.