Judson White, a Minor, by M. J. White, his Next Friend, Appellee, v. Winfield Seitz, Appellant.

320

Heard in this court at the
October term, 1929.　　　　　Opinion filed February 28, 1930.

W. Joe Hill and W. S. Willhite, for appellant.

P. J. Kolb, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The defendant, Winfield Seitz, lives with his wife and their 17-year-old son, J. D. Seitz, at Mt. Carmel, Illinois. Winfield Seitz, the father, was the owner of an Essex automobile that had been purchased and kept for the use and comfort of himself and family. The son, J. D. Seitz, with the permission of his father was in the habit of using this car for his pleasure and comfort, and frequently drove the same around Mt. Carmel and vicinity, and often had other boys and girls with him while so driving. On June 1, 1928, J. D. Seitz, the son, was driving said car on Main Street in the City of Mt. Carmel when the plaintiff, Judson White, called to him from the sidewalk. After a conversation between the two boys, Judson White got into the car and J. D. Seitz drove the car away.

They drove about town for awhile and then started east on Fifth Street toward the dam across the Wabash River, which is a few miles above Mt. Carmel. The defendant, J. D. Seitz, was driving the car and was sitting in the front seat on the left side, the plaintiff sitting at his right on the same seat. As the road approaches the river there is a turn in the road. J. D. Seitz attempted to make this turn while driving at a high rate of speed. The car in some manner collided with some trees. The car was badly damaged and the plaintiff was injured.

Judson White, at the time of the injury, was 17 years of age. He started a suit in the circuit court in Wabash county, by his next friend, his father, H. M. White, against Winfield Seitz, the owner of the car, for damages which he claimed were caused by the negligence of J. D. Seitz, the son, while driving the car and thereby causing the injuries complained of. A declaration was filed to which the defendant filed a demurrer that was overruled by the court. The defendant then filed pleas. The case was tried by a jury which found in favor of the plaintiff and assessed his damages at $5,000. After a motion for a new trial and arrest of judgment were overruled, judgment was entered on the verdict in favor of the plaintiff for the sum of $5,000. The defendant excepted and has perfected an appeal to this court.

It is first contended by the defendant that the court erred in overruling the demurrer to the declaration. We are of the opinion that the defendant is in no position to raise this point at this time. After the demurrer had been overruled, instead of electing to stand by his demurrer he filed pleas, and by so doing waived any error, if any, that the trial court had made in overruling the demurrer, and he, by such procedure, abandoned the demurrer. (*People v. Opie,* 304 Ill. 521; *Camp v. Small,* 44 Ill. 37; and *People v. Core,* 85 Ill. 248.)

It is next contended that the evidence does not show in an affirmative way that the plaintiff was not guilty of contributory negligence. It is not contended in the argument of the appellant that the evidence does not fully sustain the charge of the plaintiff that the negligence of the driver of the car was the cause of the accident. It is the law that the plaintiff must show by affirmative proof that he was in the exercise of due care for his own safety just before and at the time the accident occurred. (*Morgan v. Rockford, B. & J. Ry. Co.*, 251 Ill. App. 127; *Walters v. City of Ottawa*, 240 Ill. 259.) Numerous other cases might be cited that hold to this doctrine. However, it is not necessary that any one state or give his conclusions as to whether the plaintiff was in the exercise of due care or not, but this may be established the same as any fact by circumstantial evidence. (*Devine v. Delano*, 272 Ill. 166; *Chicago & E. I. R. Co. v. Beaver*, 199 Ill. 34; *Cleveland, C., C. & St. L. Ry. Co. v. Keenan*, 190 Ill. 217.)

The plaintiff gave his version of the accident and what he was doing just prior thereto. It is a question of fact for the jury to decide whether the injuries to the plaintiff were caused by the negligence of the driver of the car, and whether the plaintiff by his conduct was guilty of contributory negligence in causing the injury. The jury by their verdict have found in favor of the plaintiff on both of these issues, and we think the evidence fully sustains the jury's findings, that is, that the injuries to the plaintiff were caused by the negligence of J. D. Seitz, the son of the defendant, while driving the car, and that the plaintiff was not guilty of any negligence that contributed to his injuries.

It is the contention of the defendant that he is not liable at all in this case for the reason that a father who has purchased an automobile for the convenience

and pleasure of his family is not liable to one whom the child, while driving the automobile for his own pleasure, permits to ride in the car as his guest, when such guest is injured by the negligence of the child that is the driver of the car. It is further contended that in this case the plaintiff asked the defendant's son to ride and he therefore was merely a licensee or trespasser, and the defendant owed him no duty, except not to wilfully injure him. Defendant relies principally on the case of *Arkin v. Page,* 287 Ill. 420, as sustaining their contention.

This question has been the source of much litigation and the courts of the several States are far from being in unison on the subject. Quite a number of the States hold that under such circumstances the father should not be liable; on the other hand quite a number of the States hold that under such circumstances the father and owner of the car should be held to answer in damages for the negligent act of the son.

One of the leading cases is *King v. Smythe,* 140 Tenn. 217, decided by the Supreme Court of Tennessee, and reported in 204 S. W. Reporter at page 296. In this case the father was a physician and surgeon in the City of Memphis, Tennessee. He had bought a car for his professional use, which was also used by members of his family and used by the son whenever the son desired to drive it and the car was not needed by the father in his professional work. The son was 25 years of age and a student in a medical school. He was home on a vacation and while driving the car an accident occurred damaging plaintiff's automobile in which the son by his negligence was the cause. The plaintiff brought suit against the father for injuries to the automobile. The court held that where a father allows his son to drive an automobile which he has furnished for the pleasure of his family, whereby the son injures the property of a third person, the

father is liable. The son while so driving was acting in the furtherance of the father's purpose.

In the case of *Johnson v. Evans,* 141 Minn. 356, 170 N. W. 221, the defendant's family consisted of himself and wife and his two sons, the oldest son being about 17 years of age at the time of the accident which caused the suit. The father kept and maintained a 5-passenger automobile for both pleasure and business purposes. Prior to the accident the 17-year-old son had been permitted to use the car whenever he felt inclined so to do and take his friends out riding. He picked up another young man and then invited two young ladies to go with them and they started out for a drive and finally decided to go to a dance. On the road to the dance an accident occurred. The girl who was riding in the seat with the defendant's son was injured. She started suit against the defendant for injuries which she had sustained in the accident, which she claimed was due to the negligent manner in which the son had driven the car. The court held in this case that, although the son was using the car for his own personal pleasure and that of his friends, the son was the servant of the father, the defendant, and within the meaning of the law that the father, the defendant, is liable for his misconduct in operating the same. In a later Minnesota case, *Johnson v. Smith,* 143 Minn. 350, 173 N. W. 675, the court says: "This court stands committed to the rule that where the head of the family makes it his business to provide recreation and pleasure for the family and its several members, and to that end furnishes an automobile, he is responsible for its negligent use by any one of the family having his permission to drive it"; and cites many cases from other jurisdictions that support this doctrine.

In *Graham v. Page,* 300 Ill. 40, our Supreme Court cites with approval *King v. Smythe, supra,* a Tennessee case, and says: "We agree with the Su-

preme Court of Tennessee that where a father provides his family with an automobile for their pleasure, comfort and entertainment, 'the dictates of natural justice require that the owner should be responsible for its negligent operation, because by only so doing as a general rule can substantial justice be attained.' ''
In a later case of *Gates v. Mader*, 316 Ill. 313, the owner of an automobile which had been kept for the pleasure and convenience of his family and driven by his son with his consent, was held liable for an injury to a pedestrian caused by the negligence of the son while driving the car. The court distinguished this case from the case of *Arkin v. Page, supra*. The *Gates* case recognizes the ''family purpose doctrine'' in the operation of an automobile. *Hinkle v. Gall*, 238 Ill. App. 512; *Beesley v. Goldstein*, 239 Ill. App. 221. The court properly held that the injury to the plaintiff caused by the negligence of the defendant's son was a proper subject for damage against the defendant who was the owner of the car.

At the close of the plaintiff's testimony the defendant entered a motion for a directed verdict in favor of the defendant. This motion, after argument, was overruled.

After the motion for a directed verdict had been overruled the court permitted the plaintiff's father to testify that the defendant Winfield Seitz was a man of family, and that on June 1, 1928, this family consisted of himself, his wife, and his son, J. B. Seitz, who was about 17 years old at the time of the accident; that the son lived at home with his family at and prior to the time of the accident. This testimony was admitted over the objection of the defendant and now is assigned as error in this court. The defendant introduced no evidence at the time of the trial.

The matter of admission of evidence is largely in the discretion of the trial judge, and anything that goes to the merits of the case is proper to be admitted.

The defendant was not prejudiced by this evidence. He had the right to introduce evidence to show that it was not true. The defendant did not introduce any evidence, but elected to rely upon his motion for a directed verdict. We are of the opinion that the evidence was material, and it was proper for the trial judge to admit the same.

Over the objections of the defendant the trial judge admitted in evidence plaintiff's Exhibits Nos. one to six, said exhibits being bills rendered to and paid by M. J. White, father of the plaintiff, for medical services and hospital care given the plaintiff following the accident. The bills so paid by the father, M. J. White, totaled $557.50. The plaintiff's instruction No. 5 informed the jury that they may include in their award of damages, if they find the issues for the plaintiff, the expenses incurred by the father for medical attention for the plaintiff. Error is assigned upon the admission of this evidence and giving of this instruction.

This suit is brought by Judson White, a minor, by M. J. White, his father and next friend. There is no question but what M. J. White actually paid the bills for the son to the amount of $557.50. M. J. White, the father, had the right to waive his right to recover the money expended for the son in paying hospital bills, nurses' bills, and surgical fees, and to allow his son to recover the same. The father appeared as next friend in this suit and testified in his son's behalf; he is now estopped from further claim against the appellant on account of such payment. (*American Car & Foundry Co. v. Hill,* 226 Ill. 227; *Chicago Screw Co. v. Weiss,* 203 Ill. 536; *Boggs v. Iowa Cent. Ry. Co.,* 187 Ill. App. 621.) Instruction No. 5 of appellee's correctly stated the law and it was not error for the trial judge to admit this evidence.

The defendant claims the trial court erred in giving plaintiff's instructions Nos. one, two and three. We

think it is a correct statement of the "family purpose doctrine" in the use of an automobile and a consequent liability to a guest riding in the car. In our opinion the jury was fully and properly instructed on behalf of the plaintiff and the defendant in the case, and there was no error in the giving or refusing instructions.

It is contended by the appellant that the judgment of $5,000 was excessive and not justified under the evidence in the case. We are not prepared to say that under the circumstances in this case the judgment of $5,000 is excessive. We find no reversible error in the case and the judgment of the circuit court of Wabash county, Illinois, is hereby affirmed.

*Affirmed.*