Ruth Ewing, Appellee, v. F. F. Davis et al., Appellants.

Gen. No. 8,435.

Opinion filed April 14, 1931.

J. LEROY ADAIR and JOHN T. INGRAHAM, JR., for appellants.

JOHN E. WALL, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Ruth Ewing, appellee, recovered a judgment in an action on the case against F. F. Davis and Eldon E. Davis, appellants, as damages for injuries received by her while riding in an automobile owned by F. F. Davis and driven by Eldon E. Davis, his son.

In the first count it is alleged that the defendants by themselves and their agents owned and operated a certain automobile and invited the plaintiff to ride therein as the guest of themselves and their agents which invitation was accepted by the plaintiff and she entered said automobile to ride therein as the guest of said defendants; that it became the duty of defendants by themselves and their agents to exercise reasonable care in the management and operation of said automobile while the plaintiff was riding therein as their guest but in disregard of their duty in that behalf they by themselves and their agents so negligently managed and operated their automobile that it ran into and struck with great force and violence against an abutment or obstruction on and near a public highway and caused the plaintiff to be thrown out of the automobile and thereby causing her to receive certain severe injuries. The second and third counts are substantially the same and in each it is alleged that defendant F. F. Davis owned the automobile which was purchased by him for the use, pleasure,

entertainment and convenience of himself and the members of his family and with his knowledge, consent and permission was used by other members of his family including the defendant Eldon E. Davis, for his pleasure, entertainment and convenience; that Eldon E. Davis, son of F. F. Davis, and a member of his family, was using, driving and operating said car for the purpose aforesaid and invited plaintiff to ride with him in said automobile as his guest which invitation the plaintiff accepted and entered said automobile to ride therein as the guest of said defendant Eldon E. Davis.

On November 9, 1928, between 9:30 and 10 o'clock in the evening, the defendant Eldon E. Davis called for the plaintiff and invited her to take a ride in his automobile. In the car at that time was another young lady, Vivian Padgett. Eldon sat on the left side of the seat, Miss Padgett in the center and the plaintiff on the right. It was a very foggy night and while not raining the pavement was wet. During the ride the plaintiff requested Eldon not to drive so fast. Eldon testified that after the girls had requested him to slow down he reduced the speed of the car to the "neighborhood" of 30 miles an hour and that when he approached a culvert he ran into the abutment thereof, causing the wreck of the car. The evidence further shows that Eldon had driven the car before alone and had also taken the plaintiff and other girls on rides in the car. At the time of the accident in question he did not have the permission of his father to use the car and he was not using it upon any business of the latter and his father had no knowledge that the car was being used by his son.

The facts in this case are analogous to those appearing in *White v. Seitz*, 342 Ill. 266, wherein the cases of *Arkin v. Page*, 287 Ill. 420; *Graham v. Page*, 300 Ill. 40; and *Gates v. Mader*, 316 Ill. 313, are dis-

cussed and distinguished and the court announced the following conclusions: ''These three are the cases which announce the law in this State, and they establish these propositions: That a parent is not liable for the tort of his minor child merely from the relation; that the owner of an automobile who merely permits another to use it for his own purposes is not liable for the negligence of the person so using it; that the owner of an automobile is not liable for an injury occasioned by the negligent use of the machine by his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business but was pursuing his own interests exclusively; and that the relation of master and servant is not established between the owner of an automobile and his minor son by the mere fact that the father purchased the machine for the pleasure of the family and that he permitted his son to use it for his own pleasure.''

The judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*