## Martha Coppock, Appellee, v. John Schlatter, Appellant.

## Gen. No. 6,034.

1.  AUTOMOBILES AND GARAGES, § 3*—*sufficiency of evidence of want of care in operating automobile.* The evidence in an action for injuries received by a pedestrian who was knocked down by an automobile, *held* sufficient to warrant a finding that neither the driver of a commercial car nor his assistant were looking ahead a sufficient length of time before the accident to avoid striking the plaintiff.

2.  AUTOMOBILES AND GARAGES, § 2*—*duty of driver to give warning to pedestrians.* The driver of an automobile is bound to assume that pedestrians will be using street crossings and to give them, or to be ready to give them, reasonable warning of the approach of his car.

3.  AUTOMOBILES AND GARAGES, § 3*—*when question for jury whether chime of bells sufficient to give warning.* Whether a chime of small bells attached to an automobile was sufficient to give a pedestrian warning of the approach of the car, *held* a question for the jury in an action for personal injuries.

4.  AUTOMOBILES AND GARAGES, § 3*—*directing verdict for defendant in action for injury to pedestrian.* The refusal in an action for injuries to a pedestrian by being struck by an automobile, to direct a verdict for the defendant, *held* not erroneous.

5.  AUTOMOBILES AND GARAGES, § 3*—*sufficiency of instructions in action for injury to pedestrian.* Held, that there was no reversible error in the giving or refusal of instructions in an action for injuries sustained by a pedestrian who was struck by an automobile.

6.  APPEAL AND ERROR, § 1241*—*when invited error in instructions not reversible error.* Where an instruction is given at the request of an appellant on an erroneous theory, he cannot complain of the adoption of such theory by the court in giving other instructions.

NIEHAUS, J., took no part in this decision.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

STEVENS, MILLER & ELLIOTT, for appellant; GEORGE B. FOSTER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kirk & Shurtleff, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Shortly before eight o'clock in the morning of the sixth of May, A. D. 1913, Martha Coppock was walking in a northeasterly direction on Adams street in the city of Peoria. While attempting to cross over Liberty street, at its intersection with Adams street, she was struck, knocked down and injured by an electric automobile, owned by John Schlatter and then being operated by his employees in connection with his laundry business. She was severely injured and brought this suit to recover damages therefor. She filed a declaration which alleged negligence on the part of the defendant in the operation of said automobile, and failure to equip the automobile with a suitable signal device and to keep the same in repair, and negligence in running said automobile against plaintiff without giving her notice or warning of its approach. Defendant filed a plea of the general issue, and upon a jury trial a verdict was rendered in favor of plaintiff for $1,000. A motion for a new trial was overruled, plaintiff had judgment on the verdict and defendant below appeals.

The intersection of Adams and Liberty streets is in the heart of the retail business district of the city of Peoria, and the evidence shows that at eight o'clock on the morning in question many persons were passing to and fro and there was considerable traffic on the streets. Appellee was a seamstress and roomed a few blocks from her place of employment and proceeded there on foot. When she came to Liberty street, she stopped at the curb and looked in both directions before attempting to cross the street. She testified that she neither saw nor heard any vehicle coming from the southeast, the direction from which she was afterwards struck; that a touring automobile

was coming towards this crossing from the northwest, sounding a loud, shrill Klaxon horn, and directly in front of it was a two-horse truck; that she at once saw that she had time enough to get across the street before either of these two vehicles could reach the crossing and so started across; that she was then struck, but did not see or hear what struck her and knew nothing about it until she was restored to consciousness later; and the proof shows that she was nearly across Liberty street when she was struck. The top and back of her head were cut and bruised, her neck and right shoulder were injured, her right arm was broken, the wrist and small bones of her right hand were crushed, and she will probably never recover the full use of her right hand. There is no dispute but what she was seriously injured and, if she is entitled to recover at all, the amount awarded her by the jury is small, in view of what she has suffered.

Appellant's automobile was used as a delivery wagon in connection with the laundry business which he carried on under the name of the Ideal Laundry, and at the time of the accident was being operated by James Bodine. Robert Nieberg was also employed on this automobile, taking bundles of laundry into and out of houses, hotels, etc., and at the time of the accident was riding on the seat with Bodine. The testimony of Bodine is conflicting and contradictory on several points, and he is impeached by several witnesses as to statements made by him after the accident. Bodine testified that as he approached Adams street crossing he was looking straight ahead and that there was no one crossing over ahead of him; that he did not turn aside to speak to Nieberg; and that he did not see appellee at all until just at the instant the automobile struck her and knocked her down. Later, he testified that he did look around at Nieberg while they were coming up Liberty street towards Adams street, and that he was talking to Nieberg, who was fumbling with

something in the back of the machine. He also told the jury that he had wonderful control of his eyes; and that, at the time in question, he was turned slightly to the right and could look at Nieberg and watch what he was doing and with his left eye could see what was going on up Liberty street; that he was relying on his left eye to see what was in front of him, as his right eye was somewhere else. He also stated that, just before the accident, he had his head turned towards Nieberg. A bystander testified that he passed in front of this laundry wagon about five seconds before appellee was struck; and that then the boy who was not driving the machine (Nieberg) was looking back into the wagon for some bundles, and the boy who was driving (Bodine) was talking to him and was looking around back over his shoulder at him. We consider that the evidence warranted the jury in finding that neither Bodine nor Nieberg were looking ahead of this automobile in the direction in which it was going for an appreciable time before the accident, and that, if either of them had been so looking, he would have noticed appellee in time to have avoided running upon her.

The automobile here in question had a foot gong alarm intended to be operated by the pressure of the driver's foot, but it is admitted by appellant that this gong was not sounded by Bodine as the machine approached this crossing, and the evidence, though contradictory, tends to establish that this gong had been out of order for several days. The automobile also had on its top a series of bells, nine in number, in width from one inch and a half to four inches inside the base. Each of these bells was supplied with two hammers suspended in such a way that when the automobile moved, the hammers would hit the bells and ring them. Because of the varying size of the bells they make a sound like a chime and they are referred to as such.

The testimony regarding the degree of sound made by this chime, which was the only warning given by this automobile in crossing the intersection of Adams and Liberty streets on the morning in question, is conflicting. Appellant himself testified that different pavements had different effects upon the bells; that when the automobile went over a street car track or over cobble stones the bells would make more noise than when going over smooth pavements; and that both Liberty street and Adams street, in that intersection, were paved with smooth wooden creosote blocks, as smooth as a floor. Other witnesses for appellant testified that this chime could be heard for half a block; another for from fifty to sixty yards. Witnesses for appellee, regarding this chime, testified that at that time and place it could not have been heard twenty feet away; that the noise these little bells make is not sharp and shrill but is a continuous ring; it is not such a ring as will startle a person. The Motor Vehicle Law of this State requires that upon approaching a person walking upon or along a public highway, the operator of a motor vehicle shall give reasonable warning of his approach, etc. Although the operator of this particular machine testified that he did not see appellee before his machine ran into her, still he was bound to assume that people would be at or upon this crossing, and he should have either given "reasonable warning of his approach" or else he should have been ready to give such warning, if any person did appear to be about to use said crossing. It is evident that the operator of this machine performed no physical act towards giving warning of his approach to this crossing, but appellant claims that the continuous ringing of this chime constituted a reasonable and sufficient warning and that appellee was guilty of negligence in not hearing such warning signal. As the evidence stands, it was a question for the jury whether or not this chime was a sufficient

warning signal, and we do not feel justified in disturbing their conclusion that it was not.

The court did not err in refusing to instruct the jury to find the appellant not guilty at the close of the evidence, and did not err in refusing to so instruct under the second and third counts of the declaration. The first count, as copied into the record, is not as set out in the abstract and is perhaps defective, but appellant did not ask an instruction as to said first count, and if it had it would not have been reversible error to refuse it, so long as there was sufficient evidence to authorize a verdict for appellee under the second and third counts. The court did not err in giving the instructions requested by appellee. The court refused four instructions requested by appellant. The statute concerning motor vehicles, in section 9 (J. & A. ¶ 10009), requires every motor vehicle while in use on a public highway to be provided with good and sufficient brakes and also with a suitable bell, horn or other signal device; and in section 16 (J. & A. ¶ 10016), requires that upon approaching a person walking upon or along a public highway, the operator of a motor vehicle shall give reasonable warning of his approach and use every reasonable precaution to avoid injuring such person and, if necessary, shall stop said motor vehicle until he can safely proceed. Appellant's refused instruction No. 1 was intended to relieve appellant of any duty to sound a horn or give a warning. Its second refused instruction omitted any reference to that duty and would have instructed the jury to find appellant not guilty without any reference to the question whether such warning was given, and it assumed that there was evidence tending to show that appellee ran into the automobile, when there was no such evidence. The third refused instruction would have authorized a verdict for appellant without requiring any warning to be given, and so would the fourth refused instruction.

The court modified five instructions requested by appellant and gave them as modified. The first four of said instructions, as offered, would have required appellee to prove that said bells gave no sound whatever and they were therefore erroneous. The court modified them by inserting the word "sufficient," so as to require sufficient notice or warning of the approach of the automobile. It is claimed that this was a stronger requirement than the law imposes. If so, appellant cannot avail thereof, because in the second instruction, requested by it and given without modification, it required in order to exonerate appellant that said bells "continued to ring sufficiently" loud to give notice to all pedestrians of the approach of said automobile. Having induced the court to require that the bells should have given "sufficient notice," it cannot complain that the court adopt its theory in other instructions. The fifth modified instruction was properly modified. The judgment is affirmed.

*Affirmed.*

Mr. Justice Niehaus took no part in this decision.