DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1920.

---

## Armenaz Minasian, Appellee, v. Zeta M. Poff et al., on appeal of Delbert W. Poff, Appellant.

### Gen. No. 25,494.

1. AUTOMOBILES AND GARAGES, § 2*—*liability of husband for negligence of wife.* Where an automobile belonging to a husband was used by the wife for her pleasure, and she took such automobile out without the husband's knowledge and by her negligence in operating the car a person was injured, the husband was not liable, as the liability of the owner rested upon the relation of master and servant, and such liability was not established by the mere fact that the automobile was purchased for the pleasure of the family.

2. AUTOMOBILES AND GARAGES. § 2*—*liability of husband where car purchased for use of family.* Under section 4 of chapter 68, of the statute on Husband and Wife (J. & A. ¶ 6141), a husband is not liable for torts of a married woman except in those cases where he would be jointly responsible if the marriage did not exist; therefore a husband is not liable for negligence of his wife in operating his automobile, although it was purchased for the use of the family.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 8, 1920.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOSEPH E. WINTERBOTHAM, for appellant.

BUSCH, LEESMAN & ROEMER, for appellee; MAX BOR-CHARDT, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This is an action on the case in which plaintiff alleged that on November 3, 1917, he was injured in a collision of two automobiles caused by the negligent operation by the defendants of one of the automobiles. Upon trial he had a verdict of $1,500 against both defendants, upon which judgment was rendered and defendant Delbert W. Poff has appealed.

By apt motions the court was asked to instruct the jury to find both defendants and each of them not guilty. These instructions were refused.

The defendants are husband and wife. The automobile belonged to the husband, a dentist. At the time of the accident he was in his office. Mrs. Poff testified that she drove the car whenever she wanted to; that it being a fine day she wished to take some friends riding and to visit a friend in Evanston, and took the car out of the garage without her husband's knowledge. She was driving the car and in making the turn from Sheridan Road on to Hinman avenue in Evanston it collided with a Ford automobile in which plaintiff was riding. Evidence of the plaintiff tended to show that the cause of the collision was the negligent driving of Mrs. Poff. Under these circumstances can the husband, Delbert Poff, be held liable? Appreciating the persuasive force of the argument on behalf of plaintiff, we are, however, constrained to follow the opinion of the Supreme Court in *Arkin v. Page*, 287 Ill. 420. It was there held under similar circumstances that liability of the owner rests upon the relation of master and servant and that this is not established by "the mere fact that the purpose for which the father purchased

the machine was the pleasure of the family." The proposition of the plaintiff here is stated substantially in the language of the opinion in the *Arkin* case, namely:

"That a father, by the furnishing of the means of amusement to his family, has made their amusement his business, so that each member of the family, in using for his own personal enjoyment, upon his own initiative, any of the means so furnished, though engaged exclusively in the pursuit of his own peculiar ends, without the direction, control, advice, consent or knowledge of any other person, is still engaged, as agent, in carrying on the business of another."

The opinion characterizes this as "a refinement of reasoning" and declines to adopt it. We hold that the decision in this case is conclusively against the plaintiff's right to recover against the defendant, Delbert Poff.

No distinction can be made in the application of this principle to the instant case from the fact that the automobile was driven by the wife and not a minor child. The relation between husband and wife under the present circumstances is not that of master and servant. Furthermore, in the statute on Husband and Wife, ch. 68, sec. 4 (J. & A. ¶ 6141), it is provided that for torts committed by a married woman, damages may be recovered from her alone and her husband shall not be responsible therefor, except in those cases where he would be jointly responsible if the marriage did not exist.

We hold that under the law applied to the facts before us, the husband is not liable and this judgment cannot stand; it must be reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICES HOLDOM and DEVER concur.