## Rose Meyer, Appellee, v. Richmond E. Howlett, Appellant.

HUSBAND AND WIFE—*husband not liable for wife's negligence in driving automobile.* Under the provisions of Cahill's Ill. St. ch. 68, ¶ 4, that "for all civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in cases where he would be jointly responsible with her, if the marriage did not exist," where a wife causes damage by her negligent driving of the family automobile the husband will not be held liable therefor solely because of the marriage relation and the fact that he purchased and kept the car for the use and pleasure of the family.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1924. Reversed with finding of facts. Opinion filed April 11, 1924.

GEERS & GEERS, for appellant.

PAUL P. HOEGEN and POPE & DRIEMEYER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a verdict and judgment for personal injuries due to a collision between the automo-

bile in which she was riding and one owned by appellant, but driven by his wife. She charged, in her declaration, that appellant's wife was driving the car as the agent of her husband and that the collision was caused by her negligence. In addition to the general issue appellant filed a special plea in which he denied that his wife was driving the car as his agent or servant at the time in question. Appellee called appellant's wife as a witness. She testified that she was driving the car, going no place in particular, just out for pleasure, driving to be driving; that her daughter and a friend were with her; that the car was kept for pleasure and she drove it whenever she wanted to and had been doing so for about a year. No further evidence was introduced in support of the averment of the declaration that she was driving the car as the agent of her husband.

At the close of appellee's evidence and again at the close of all the evidence the court refused to direct a verdict for appellant and also refused to instruct the jury that appellee was not entitled to recover unless she had proven that the wife of appellant was driving the car as his agent or servant at the time in question. The question of agency was made an issue by the pleadings. The court refused to hold as a matter of law that appellee had failed to prove agency and then refused to require the jury to determine the question as one of fact.

Appellee does not claim that she proved the averment of her declaration to the effect that the wife of appellant was acting as his agent. She takes the position that while the fact of such agency was made an issue by the special plea it was not necessary for her to prove it because, in *Graham v. Page,* 300 Ill. 40, the court said:

"The weight of authority supports the liability of the owner of a car which is kept for family use and pleasure where an injury is negligently caused by it while driven by one of his children by his permission,

and the reasoning of those cases seems sound and more in harmony with the principles of justice. We agree with the Supreme Court of Tennessee that where a father provides his family with an automobile for their pleasure, comfort and entertainment, 'the dictates of natural justice should require that the owner should be responsible for its. negligent operation, because only by doing so, as a general rule, can substantial justice be attained.' (*King v. Smythe*, 140 Tenn. 217.) The subject received elaborate discussion and many authorities *pro* and *con* are cited in notes found in 5 A. L. R. 226, 50 L. R. A. (N. S.) 59, and 41 id. 775.

"The liability of defendant, and plaintiff's right to recover damages of him if his damages resulted from the negligence of defendant's daughter, is supported by the decided weight of authority and the general principles of law."

The court had previously held in *Arkin v. Page*, 287 Ill. 420, that a parent is not liable.for the tort of his minor child merely from the fact of their relationship; that in an action for damages for an injury occasioned by an automobile while being driven by the owner's minor son on a mission of his own, the relation of master and servant is not established by the mere fact that the purpose for which the father purchased the car was the pleasure of the family and that he permitted his son to use it for his own pleasure. In that case there was no evidence that the son was acting as the agent or servant of his father and the court held that the father was not liable for the negligence of the son.

In *Graham v. Page, supra,* the car was driven by the owner's daughter. The court did not overrule the *Arkin* case, *supra,* but distinguished it and said:

"She was performing the business and duty of her father in the manner and with the means authorized by him. She was, if not the servant, at least the agent of her father in the performance of the duty or business. Liability does not, of course, rest on the

mere relationship of parent and child. Cases may arise, and have arisen, where the facts proven created the relationship of master and servant between the owner of an automobile and a son employed to drive it for his father, but we think the facts in this case created the relation of agency of the driver to the owner of the automobile.''

If a parent is not liable for the tort of his child merely from the fact of their relationship, we are at a loss to understand why a husband should be held liable for the tort of his wife upon mere proof of the matrimonial tie. The agency of the wife is not established by proof of marriage. The statute is that, ''For all civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in cases where he would be jointly responsible with her, if the marriage did not exist.'' Cahill's Ill. St. ch. 68, ¶ 4. At common law a husband was civilly liable for his wife's wrongful acts committed during coverture. 13 R. C. L. 1229. The statute was intended to relieve him from that liability, except in cases where he permits her to act as his agent or servant and in cases where there would be joint responsibility if there were no marriage. Mere proof of marriage does not prove that she was his agent or servant. In a case like the one at bar it was held that the husband was not liable for the negligence of his wife while she was driving his car for her own pleasure and that of her friends. *Minasian v. Poff,* 217 Ill. App. 8.

Under *Arkin v. Page, supra,* appellee is not entitled to recover. While the court made a broad statement in *Graham v. Page, supra,* which standing alone, supports appellee's contention, yet, in view of the fact that the *Arkin* case was simply distinguished and not overruled and the court said that, ''liability does not, of course, rest on the mere relationship of parent and child'' we cannot believe that a husband may be held liable solely because of the marriage relation in con-

nection with the fact that he purchased and kept the car for the use and pleasure of the family. If the statute above cited does not control this case we cannot conceive of one where it would properly apply. The judgment is reversed.

*Reversed with finding of facts.*

The clerk will incorporate in the judgment the following: "The Court finds that appellee failed to prove that the wife of appellant was acting as his agent in driving the car at the time in question."