Alice Williams, Appellee, v. Leonard T. Stearns, Appellant.

Opinion filed February 12, 1930.

HOSEA V. FERRELL and ED. M. SPELLER, for appellant; JOHN HAY, of counsel.

D. L. DUTY and GEO. T. CARTER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a verdict and judgment for $1,400 for personal injuries sustained by her when struck by appellant's car. The first count of the declaration charged general negligence in the operation of the car, and the second a failure to sound the horn or give any other signal of the approach of the car to the crossing in question. Each count averred that appellant provided the car for the use and pleasure of his family and that at the time in question it was driven by appellant's wife as his agent. Appellant filed the general issue and two special pleas in which he averred that his wife was not operating the car as his agent, etc.

On the evening of February 19, 1923, appellee, while on her way to church, was going south on the west side of Buchanan Street in the City of Marion and reached the intersection of that street with Thorn Street at about 7 p. m. She waited at the curb while a car turned from Buchanan Street to the west on Thorn Street. She says that after that car passed she looked to the west and saw no car coming from that direction and then started across the street, and when almost across was struck by appellant's car coming from the west on Thorn Street. Appellant's wife was alone in

the car, driving with dim lights, and did not see appellee until she was struck. No horn was sounded or other warning of the approach of the car was given. There is evidence tending to show that the car was going 20 miles an hour and that when appellee started across the street the car was 85 feet west of the intersection. The pavement on Thorn Street is 14 feet wide. That street is the third one south of, and Buchanan Street is the second street east of the public square. While the declaration avers that the place in question was in the closely built-up residence section of the city, no evidence was offered in support thereof.

Appellant insists that under our decision in *Meyer v. Howlett,* 233 Ill. App. 475, he cannot be held liable for the negligence of his wife. At the time that case was decided, our Supreme Court, in a four to three opinion, had declined to recognize the family purpose doctrine and held that liability of the owner of a car rested upon the relation of master and servant, and that such relation was not established by the mere fact that the purpose for which the father purchased the machine was the pleasure of the family; *Arkin v. Page,* 287 Ill. 420. That case had been distinguished in *Graham v. Page,* 300 Ill. 40, where the court held that a father was liable for the negligence of his daughter because, at the time of the accident, she was performing the business and duty of the father in the manner and with the means authorized by him. It did not recognize the family purpose doctrine. In that state of the law we held in *Meyer v. Howlett, supra,* that the husband was not liable for the negligence of his wife where she was driving the car for her own pleasure; that proof that her husband purchased the car for the pleasure of the family and permitted her to use if for her own pleasure was not sufficient to show that she was his agent or servant. While that case was decided in accordance with what we then understood

to be the law as announced by our Supreme Court, yet it is out of harmony with the law at the present time.

We held, in *Toms v. Ketterer*, 237 Ill. App. 135, that if a parent provides a car for the pleasure of the family and permits his son to use it for his own pleasure, the son is the agent or servant of the parent and the latter is liable for the son's negligence. Shortly thereafter the Supreme Court reached the same conclusion in *Gates v. Mader*, 316 Ill. 313, and denied certiorari in the *Toms* case, *supra*. In *Richardson v. Moore*, 254 Ill. App. 511, we held that a wife driving guests to their home at the request of her husband in a car owned jointly by herself and husband, was an agent or servant of her husband in so doing and they were jointly liable for her negligence. A master and servant were held jointly liable for the negligence of the servant in *Barran v. Adamick*, 251 Ill. App. 481.

In the case at bar appellant provided a car for the pleasure of his family and his wife was at liberty to use it for her own pleasure whenever she so desired. That being true she was the agent or servant of appellant while driving for her own pleasure, even though her husband was not with her. If appellee was in the exercise of ordinary care for her own safety at and immediately prior to the collision and was injured by reason of the negligence of appellant's wife, appellant would be liable therefor. As the judgment must be reversed we express no opinion on the merits of the case.

In the state of the proof the questions of negligence and contributory negligence were questions of fact for the jury and the court did not err in refusing to direct a verdict; *Coppock v. Schlatter*, 193 Ill. App. 255. Section 40 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 41, provides that upon approaching a person walking upon a public highway, the operator of a motor vehicle

shall give reasonable warning of his approach and use every reasonable precaution to avoid injuring such person. In the *Coppock* case, *supra,* that statute was applied where the plaintiff was crossing at a street intersection. The court did not err in admitting evidence that the driver of the car failed to sound the horn.

The court permitted an optometrist to testify that some time after her injury appellee had a cataract in her left eye, although he could not say whether it was of a traumatic or senile character. The court erred in admitting this testimony.

It is argued that the court erred in giving 8 of the 12 instructions given on behalf of appellee. The first instruction informed the jury that no person should drive a motor vehicle upon a public highway or street at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person; that in determining what is a speed that is reasonable and proper having regard to the traffic and the use of the way, they should consider all the facts and circumstances in evidence bearing upon that question (specifying a number of things) and closing as follows: ''and any other fact or facts which would bear upon that question.'' There was no evidence as to some of the things which the instruction assumed and which the jury were to take into consideration. Then the instruction closed with the statement that the jury should consider any other fact or facts which would bear upon that question even though they did not appear from the evidence.

The fourth instruction informed the jury that the questions involved in this case as alleged in the declaration, of negligence on the part of the defendant, if any, and the exercise of reasonable care on the part of the plaintiff, if any, were questions of fact for the

jury to determine under the evidence and the law as given in the instructions. This instruction should not have been given. The fifth instruction defined negligence and then advised the jury that taking the legal definition of negligence they were to find from all the evidence in the case whether appellant had committed negligence in manner and form as charged in the plaintiff's declaration, etc. The sixth instruction told the jury that if they believed from the greater weight of all the evidence that the plaintiff has proven the carelessness and negligence charged in any one or more of the counts in the declaration, etc. Instructions should not refer the jury to the declaration to ascertain what the charges are. It is not proper for the declaration to go to the jury and such instruction should not be given; *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464.

The eighth instruction advised the jury that it is not alone the testimony of a greater number of witnesses in any case that goes to make up the preponderance or greater weight of the evidence, and that the testimony of one witness may outweigh that of many others, etc. It goes on to say that if the testimony of the witnesses for the plaintiff more firmly brings conviction to your minds of the truth of the things about which they have testified than those testifying for the defendant, then and under such circumstances you may lawfully conclude that the greater weight of the evidence is on the side of the plaintiff, and form your verdict accordingly. This instruction should not have been given. Under it if some of the plaintiff's witnesses testified to immaterial matters and such testimony brought conviction to the minds of the jury of the truth of such matters, then the jury might lawfully conclude that the greater weight of the evidence was on the side of the plaintiff. An instruction of this kind should not be given; *City of Chicago v. Van Schaack Bros. Chemical Works*, 330 Ill. 264–278.

The tenth instruction, in so far as the question of reasonable care on the part of appellee, is as follows: "And if you further find and believe from the greater weight of all the evidence that the plaintiff, Alice Williams, while attempting to cross or pass over said street intersection on foot or by walking in the exercise of reasonable care and caution for her own safety, was struck, etc." The instruction should require the jury to find from the evidence that the plaintiff at and immediately prior to the collision was in the exercise of reasonable care for her own safety. The instruction is defective in this regard. The eleventh instruction is an abstract proposition of law and it informed the jury that the owner of a car kept for family purposes is liable for the negligence of any member of the family even though the car is operated without the owner's permission. This carries the family purpose doctrine too far as will appear from *Gates v. Mader*, 316 Ill. 313, where the court distinguishes *Arkin v. Page*, 287 Ill. 420, and recognizes the latter case as good law where the son took the car without the father's knowledge or consent. The eleventh instruction concludes with the statement that in the event of injuries sustained by another due to the negligent operation of such vehicle, then the owner thereof becomes liable, whether such vehicle, at the time of such negligent operation was operated by the owner himself or any member of his family. This leaves out the question of due care on the part of the plaintiff. The twelfth instruction informed the jury that an automobile driver while upon the street is required to keep the car under reasonable control, and to look out for and observe pedestrians crossing the street, etc. The duty of the driver is to exercise reasonable care and caution. This instruction required the driver to look out for and observe, that is, to see pedestrians. This instruction is also an abstract proposition of law.

As the case will have to be tried again we would suggest that in a case of this kind counsel on either side should reduce the number of instructions presented, avoid abstract propositions of law, avoid repetitions of the same proposition and present instructions in such a way as to direct the jury's attention to the questions to be determined without referring them to the declaration to find out what they are to decide. It is not the purpose of instructions to argue the case for either side. Cases may be argued orally but the instructions should not take the form of argument. While no objection has been urged to appellee's second and third given instructions, yet we think that they are clearly erroneous and should not be given upon another trial. The second instruction tells the jury that the plaintiff is only required to prove the material allegations in her declaration, etc., and that if the evidence preponderates in her favor, however slight, that is all the law requires and is sufficient upon which to base a verdict for the plaintiff. This instruction leaves it to the jury to say what are the material allegations of the declaration and is improper in that regard; *Laughlin v. Hopkinson,* 292 Ill. 80. It also tells them that if the evidence preponderates slightly in favor of the plaintiff that is sufficient. Such an instruction should not be given; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164; *Reivitz v. Chicago Rapid Transit Co.,* 327 Ill. 207–210. The instruction does not inform the jury as to what the plaintiff must prove before she is entitled to recover. The third instruction is another abstract proposition of law and omits any reference to the care required of the party who may be injured and closes with the words: "when and where such act or omission to act is unlawful." The jury might very well assume from this language that the court was of the opinion that appellant had committed an unlawful act.

15 instructions were given on behalf of appellant. 7 of them informed the jury as to the care and caution required of appellee. The court should not give so many instructions upon the same proposition. 7 of the instructions close by telling the jury that in such case they should find the defendant not guilty, or words to that effect. The giving of so many instructions in that form and repeatedly instructing the jury on the same proposition of law, has been held to be prejudicial error; *Wood v. Illinois Cent. R. Co.*, 185 Ill. App. 180; *Cohen v. Weinstein*, 231 Ill. App. 84; *Daubach v. Drake Hotel Co.*, 243 Ill. App. 298; *R. A. Watson Orchards, Inc. v. New York, C. & St. L. R. Co.*, 250 Ill. App. 22–52.

Appellant's fifteenth instruction informed the jury that if appellee was guilty of negligence which contributed to her injury, they should find the defendant not guilty. His twentieth given instruction informed the jury that if appellee was guilty of any negligence, however slight, that contributed to cause the collision and injury, they should find the defendant not guilty. Both of these instructions were erroneous and should not have been given. Contributory negligence that will bar a recovery must be a proximate cause of the injury; *Miller v. Burch*, 254 Ill. App. 387; *Flynn v. Chicago City Ry. Co.*, 250 Ill. 460; *Lerette v. Director General*, 306 Ill. 348.

Appellant's sixteenth and eighteenth instructions should not have been given. His instruction marked 18-A should not have been given; *Cohen v. Weinstein*, 231 Ill. App. 84–101. Appellant's twenty-first instruction should have been refused; *Thiele v. Hetzel*, 184 Ill. App. 633. The judgment is reversed and the cause remanded.

*Reversed and remanded.*