Cora Lowdermilk, Plaintiff in Error, v. Harvey Gibbel, Defendant in Error.

Gen. No. 8,466.

Opinion filed November 4, 1931.

James H. Murphy, for plaintiff in error.

Jesse Peebles, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by Cora Lowdermilk, plaintiff in error, against the defendant in error Harvey Gibbel, in the circuit court of Macoupin county, to recover damages in the sum of $6,000, alleged to have been sustained by the plaintiff in error as the result of injuries suffered by her while riding in defendant in error's car. The causes of action alleged in the different counts of the declaration are practically the same; and are predicated on the so-called "family purpose doctrine."

The first count alleges in substance that the defendant in error was the owner of and in possession of a certain automobile which he had purchased and kept for the use, purpose and comfort of himself and the members of his family, including his wife; and that the wife was authorized and permitted by him to drive the automobile for her pleasure; and that on or about the 28th day of September, 1928, the plaintiff in error rode in the defendant in error's automobile by the invitation of Norma Gibbel, defendant in error's wife, who was then and there driving the automobile for her own pleasure on the hard surfaced road known as Route No. 4, near the City of Girard, that being one of the purposes for which the automobile had been purchased, kept and was owned by the defendant in error; and that while thus driving the automobile with the knowledge, consent and permission of the defendant in error, said wife was guilty of negligence in the management of the automobile which resulted in a collision with another automobile that was driving along the same road and resulted in injuring her. It is not charged in any of the counts of the declaration, nor does it appear in evidence, that the plaintiff in error was riding in the automobile at the instance of the defendant in error; or at his invitation or request; or that the automobile was driven by the wife at the

time of the injury, while she was performing some service for, or driven in connection with, the business of the defendant in error; nor that the plaintiff in error was in the automobile by the direction of the defendant in error, to carry into effect some purpose or undertaking of the defendant in error; nor that the defendant in error was in any way connected with or participated in the negligence charged against the wife in the declaration. Under section 4 of chapter 68 of our statute concerning joint and several rights and liabilities of husband and wife, Cahill's St. ch. 68, ¶ 4, it is provided that the husband is not liable for any civil injuries committed by a married woman; and that he shall not be responsible therefor except in cases where he would be jointly responsible with her if the marriage did not exist. *Minasian v. Poff*, 217 Ill. App. 8; *Meyer v. Howlett*, 233 Ill. App. 475, 478.

The "family-purpose doctrine" as a basis of liability of the owner of an automobile kept for family use and pleasure alone is not legally sufficient to involve the owner of an automobile in liability for the negligence of the members of his family. *White v. Seitz*, 342 Ill. 266.

We conclude, therefore, that under the facts as alleged in the declaration and the charges of negligence contained therein, the plaintiff in error had no cause of action against the defendant in error, and that a demurrer was properly sustained to the declaration. The judgment is therefore affirmed.

*Judgment affirmed.*