Harold Sumner and Alice Sumner, Appellees, v. Ruth Griswold, Appellant.

Gen. No. 10,328.

Opinion filed June 29, 1949. Released for publication July 16, 1949.

B. J. KNIGHT, of Rockford, and WAYNE R. BETTNER, of Oregon, for appellant; KNIGHT, HAYE & KEEGAN, of Rockford, of counsel.

FEARER & NYE and S. D. CROWELL, of Oregon, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

Defendant, Ruth Griswold, is appealing from a judgment of the circuit court of Ogle county, entered in a trial without a jury, in favor of plaintiffs, Harold Sumner and Alice Sumner, in the amount of $2,540 for property damage and personal injuries sustained when plaintiffs' car collided into the wagon and team driven

by James Griswold, husband of the defendant appellant.

The issue presented upon this appeal is whether plaintiffs established that they were in the exercise of due care for their own safety, and that James Griswold was guilty of negligence, while acting as the agent of defendant, Ruth Griswold.

From the record it appears that at about 7 p. m. on March 1, 1946, a misty, cloudy night, plaintiff, Harold Sumner, was driving his automobile in which his wife and five high school girls were riding, in an easterly direction on route 64 on the way to a basketball game at Oregon, Illinois. James Griswold accompanied by his 11-year-old son, was driving a wagon and team of horses along the south shoulder of the highway, also in an easterly direction. About two miles east of Oregon the horses shied at a guard rail along the shoulder, and part of the wagon came onto the cement portion of the road, with the result that plaintiffs' automobile ran into the wagon, causing damage to the car and certain personal injuries to Alice Sumner, including a cut near one of her eyes.

The evidence further revealed that James Griswold had purchased the wagon that afternoon at an auction sale, and was driving it back to the farm for the first time. Both he and his son testified that a flashlight casting a white beam had been fastened at the rear of the wagon between the two end gates, and that it was burning shortly before the collision when the son went back to check on it. Plaintiffs, however, deny that a light was burning, and maintain that they did not see the wagon at any time.

Evidence was introduced showing that approximately two years prior to this accident, at the suggestion of an official of the Veterans Administration, James Griswold transferred title to his farm and other property to his wife, defendant Ruth Griswold, since

he did not have more than five years to live, as a result of certain injuries sustained in World War I. For two years prior to February 28, 1946, the farm had been leased, but at the time of the collision James Griswold and his wife were living there. He managed it, made decisions on buying, selling, and planting crops, and owned the team of horses involved in the accident, although the wagon was apparently purchased with money belonging to both him and his wife.

On the basis of the foregoing facts and circumstances, the circuit court entered judgment for plaintiffs, against both James Griswold and Ruth Griswold, from which defendant, Ruth Griswold, has appealed.

██ To sustain the judgment of the circuit court, it must appear that plaintiffs have established that they were in the exercise of due care for their own safety, and that James Griswold was negligent while acting as agent for his wife.

The only evidence of negligence adduced by plaintiffs was that James Griswold did not fully comply with the provisions of the Motor Vehicle Code pertaining to rear lights. (Ch. 95½, par. 204, Ill. Rev. Stats. 1947 [Jones Ill. Stats. Ann. 85.236].)

The code provides:

"All vehicles, including animal driven vehicles . . . shall at times specified in sec. 103 (from sunset to sunrise) be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of 500 feet to the front of such vehicle, and with a lamp or lantern exhibiting a red light visible from a distance of 500 feet to the rear of such vehicle . . ."

In the case at bar James Griswold had only a flashlight casting a white beam fastened to the end gate at the rear of the wagon, instead of a red light.

██ ██ It is established law in this jurisdiction that violation of the Motor Vehicle Act does not constitute negligence *per se* (*Burke v. Zwick,* 299 Ill. App. 558)

and that failure to have a rear light on a vehicle will not be deemed negligence if it is rebutted, or excused, under the circumstances. (*McDermott v. McKeown Transp. Co.*, 263 Ill. App. 325, 331.)

In *McDermott v. McKeown Transp. Co.*, *supra*, where the rear light on the truck was allegedly not lit, the court held that the owner of the truck was not liable to an occupant of an automobile which ran into the truck on a foggy night, on the ground that the failure to exhibit the light was not due to negligence.

The undisputed evidence herein indicates that James Griswold purchased the wagon at an auction sale a few hours before the collision, and was driving it to the farm for the first time. There was apparently little opportunity to acquire, or affix, a red light, and defendant endeavored to comply with the statute by fastening an available flashlight between the end gates at the rear of the wagon. There was evidence, furthermore, that it was in working order just before the collision.

Under these circumstances, the fact that a white light instead of a red one was provided, should not be deemed negligence, particularly since there is no showing that the collision occurred because the flashlight cast a white light instead of a red one. On the contrary, the color of the light appears to be immaterial since plaintiffs deny seeing any light at any time. It has been held, moreover, that failure to have a vehicle equipped with lights as required by the statute would not be the basis of liability unless violation of the statute was the proximate cause of the collision. (*Johnson v. Railway Exp. Co.*, 131 F. (2d) 1009.)

In *Johnson v. Railway Exp. Co.*, *supra*, such a statutory violation was not the proximate cause of the collision, and, therefore, the offender, who was the plaintiff, was not barred from recovery. In the instant case the color of the light does not appear to be the proximate cause of the collision, and, therefore the

technical violation of the statute, under the mitigating circumstances, could not properly be the basis for imposing liability.

No other evidence of negligence was introduced into the record. James Griswold had a right to drive on the highway, and no statute was violated when the horses shied at the guard rail along the shoulder of the road, and part of the wagon was driven onto the cement portion of the roadway. Nor does it appear that his actions failed to satisfy standards of reasonable conduct in an emergency. (*Rzeszewski v. Barth*, 324 Ill. App. 345.)

Although it is our judgment that the failure to have a red light instead of a white light, under the circumstances of this cause, does not constitute negligence, nevertheless, even if it were so deemed, plaintiffs have not established that they were in the exercise of due care for their own safety. Neither plaintiffs nor their passengers saw defendant's wagon until the moment of the collision, despite the fact that the road was level for 1000 feet, and plaintiff, Harold Sumner, admitted that from the beam of his own lights he could see at least 150 to 200 feet ahead. Moreover, defendant was seen driving his wagon and team along the shoulder of the road by four passing motorists and a truck driver.

The law does not countenance the anomaly of professing to look and not seeing that which is clearly visible. (*Oran v. Kraft Phenix Cheese Corp.*, 324 Ill. App. 463.)

The fact that the night was misty and foggy in low places, as plaintiffs assert, would not condone the failure to see, but on the contrary, would necessitate greater caution, not only on the part of the driver, but also from those riding with him.

There is not a scintilla of evidence herein that the plaintiff, Alice Sumner, exercised even a modicum of due care, in fact, she professedly was looking in her pocketbook just prior to the collision.

It is our opinion, moreover, that the evidence does not establish that James Griswold was the agent or servant of defendant, Ruth Griswold, at the time of the collision, so as to impose liability upon her.

As hereinbefore noted, she held title to the farm for some two years prior to the accident, pursuant to a transfer from James Griswold, made at the suggestion of a Veterans Administration official, since her husband did not have long to live, and she would have the responsibility of raising their three children.

The status of husband and wife does not establish an agency relationship between the parties. In *Meyer v. Howlett*, 233 Ill. App. 475, the court stated: "Mere proof of marriage does not prove that she was his agent or servant."

Inasmuch as the family-purpose doctrine is not adhered to in this State (*Andersen v. Byrnes*, 344 Ill. 240) the mere pursuit of an enterprise that might eventually benefit the whole family would not constitute grounds upon which liability could be predicated. The law demands the existence of circumstances from which an agency relation can be inferred. (*Andersen v. Byrnes, supra.*) Furthermore, the facts herein are clearly distinguishable from cases relied upon by plaintiffs, where courts have imposed liability under circumstances where a husband or father permits members of the family to drive his car, and knows and approves of a particular mission, on which the wife or child negligently injures a third party.

In the instant case the alleged principal merely possessed title to the farm, and the alleged agent managed it, made all decisions as to crops, buying and selling of produce, and owned the horses he was driving at the time of the collision, when he was returning from a sale at which the alleged principal had no part either directly or indirectly. The concepts of agency cannot be distorted so as to impose liability merely on the ground that defendant, Ruth Griswold, held title to the premises, or because her husband

stated in response to the query who he worked for, that he was "working for the whole family."

Under the foregoing analysis, this court concludes that error was committed by the circuit court in entering judgment in favor of plaintiffs in the amount of $2,540 against defendant, Ruth Griswold, and the judgment entered by that court is reversed.

*Judgment reversed.*