PLUMMER v. SPENCE.

No. 10052.

United States Court of Appeals Seventh Circuit.

June 23, 1950.

Frederick P. Bamberger, William P. Foreman, Evansville, Ind., for appellant.

Carl M. Gray, Edward L. Waddle, Petersburg, Ind., Gray & Waddle, Petersburg, Ind., for appellee.

Before DUFFY, LINDLEY, and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff seeks to recover damages for personal injuries sustained by him while traveling on a motorcycle on State Highway 1 in the State of Illinois. The issues were submitted to a jury which found for the plaintiff. Defendant's motions for a directed verdict, for judgment notwithstanding the verdict and in the alternative for a new trial were overruled and judgment was entered for the plaintiff.

Considering the evidence in the light most favorable to the plaintiff, the record discloses the following facts. Highway 1 at a point one and one-half miles south of Allendale, Illinois, runs in a northerly-southerly direction. The paved portion thereof is of concrete construction 18 feet in width. On September 11, 1947, plaintiff was traveling on a 1942 Harley-Davidson motorcycle in a southerly direction on Highway 1, at a rate of 40 to 45 miles per hour. For about one and one-half miles he had a 1947 Dodge truck in view which was proceeding ahead of him in the same direction. The truck, which was owned and operated by the defendant, was traveling about 30 to 35 miles per hour, and the plaintiff gradually moved up and was about to overtake it. Highway 1 is straight and level for more than one-quarter mile each way from the place where at the intersection with a gravel road the collision between truck and motorcycle occurred. In fact the view on Highway 1 to the south was unobstructed for several miles. On the day in question the weather was clear, the surface of the highway was dry, and the collision occurred about 2:45 P.M.

As plaintiff drew nearer to defendant's truck, both vehicles were traveling on the west or right-hand side of the highway. The body of the truck extended at least 14 inches beyond each side of the cab. The truck had side boards 3 feet high and was loaded above the level of the top of the cab. When plaintiff was within 100 feet of the truck, he sounded his horn continuously until he was within 25 feet from the truck. He pulled out to the easterly or left-hand side of the highway to pass the truck. When he was about opposite the tail gate of the truck he again sounded his horn. Up to this time the truck had neither increased nor decreased its speed. Plaintiff did not see or know about the gravel road intersection just ahead which was obscured by long grass and other vegetation from 2 to 3 feet high. As the truck reached the intersection, at a time when plaintiff's motorcycle was alongside and in the act of passing, the truck suddenly turned left toward the gravel road. At that moment the plaintiff was about 2 feet in front of the truck's dual wheels and an instant later the motorcycle and truck collided, and as a result of such collision plaintiff received personal injuries.

■ Defendant first argues that he was not negligent. However, under Sec. 65, Par. 162, Chap. 95½, Illinois Revised Statutes, before the operator of a motor vehicle may make a turn to the left at an intersection he must first ascertain that he can do so with reasonable safety, and he is then required to give an appropriate signal. Defendant testified that he did give a signal, by extending his arm, and one witness corroborated such testimony. But evidence directly to the contrary was introduced and whether defendant gave a signal or otherwise complied with the command of the statute was among the issues of fact to be resolved by the jury. The jury found for the plaintiff. The evidence on this point to sustain the verdict was credible. The finding of the jury was a finding that defendant was negligent, and that such negligence proximately contributed to the collision and plaintiff's resulting injuries. This finding, under the circumstances of this case, cannot be disturbed.

However, the point strongly argued by defendant and indeed the principal issue here for decision is whether plaintiff was guilty of contributory negligence as a matter of law. An Illinois statute (Sec. 58, Par. 155 (b)—The Uniform Act Regulating Traffic on Highways, Chap. 95½, Illinois Revised Statutes) provides that no vehicle shall in overtaking and passing another vehicle, or at any other time, be driven to the left side of the roadway when approaching within 100 feet of or traversing an intersection. It is without dispute that the collision between the truck and motorcycle occurred on State Highway 1 at an intersecting gravel road.

Plaintiff was not familiar with the highway at the point where the collision occurred, having passed it on only one or two previous occasions. On this trip he did not see the intersection. Of course if the intersection were visible had the plaintiff looked, he will not now be heard to say that he did not see what was in plain view. Oran v. Kraft-Phenix Cheese Corp., 324 Ill.App. 463, 58 N.E.2d 731; Pottei v. Demanes (Abstract of Decision), 338 Ill.App. 287, 87 N.E.2d 332; Sumner et al. v. Griswold, 338 Ill.App. 190, 86 N.E.2d 844.

The jury was entitled to believe plaintiff's testimony that he did not see or know about the intersection with the gravel road, and that on the date of the collision the gravel road was not visible to southbound traffic on Highway 1. In addition to plaintiff's testimony, a disinterested witness, Ayres, who lives on Highway 1, about four miles from the gravel road intersection, testified that he customarily passed the scene of the collision twice a day; that on September 11, 1947, the gravel road was not noticeable to southbound traffic. He further testified that a person unfamiliar with the road would be likely to miss the gravel road while traveling southerly on Highway 1. He also testified that the grass and vegetation grew down to the edge of the concrete. It was without dispute that the location of the intersection was not indicated by any sign or marker on Highway 1.

■ Where an ordinance or a statute provides a safety or traffic regulation, a violation thereof by acts of omission or commission is evidence of negligence. Burke v. Zwick, 299 Ill.App. 558, 20 N.E.2d 912, 915. The rule varies somewhat in different States, but in Illinois such a violation is regarded as no more than prima facie evidence of negligence. Alexander v. Industrial Board, 281 Ill. 201, 117 N.E. 1040; Hill v. Hiles, 309 Ill.App. 321, 32 N.E.2d 933; Clark v. Gitterman et al. (Abstract of Decision), 337 Ill.App. 390, 86 N.E.2d 276; Cox v. Kroger Co., 7 Cir., 179 F.2d 382, 385.

■ We think it clear that it was a question for the jury whether plaintiff acted as a reasonably prudent man in attempting to pass defendant's truck, the driver of which had not given an indication of his intent to turn and where the highway ahead was clear and the view unobstructed. It was for the jury to determine whether the plaintiff had seen or could have seen the intersection. However, in instances where the plaintiff knew or should have known that he was violating a statute or ordinance, Illinois courts have held that the question of the proximate cause of the negligence was for the jury. As examples, in Lerette v. Director General of Railroads, 306 Ill. 348, 137 N.E. 811, where the plaintiff was climb-

ing between two railroad cars contrary to a statute, and was injured, the Supreme Court of Illinois held that whether such illegal act was the proximate cause of plaintiff's injury was an issue of fact for the jury. There was a similar holding in Jeneary v. Chicago and I. Traction Co., 306 Ill. 392, 138 N.E. 203, where the question was whether the statutory violation of plaintiff in failing to stop within a prescribed distance from a crossing was the proximate cause of plaintiff's injuries.

A controverted question of fact was presented as to whether plaintiff's act in attempting to pass at the intersection concealed from his view was negligence proximately causing his injuries. It was not a question of law, unless all reasonable minds would reach the conclusion that such act, even though considered prima facie negligence, was the proximate cause of his injuries. We think fair minded men might easily reach different conclusions, and therefore it was a question for the jury. The trial court properly denied defendant's motion for a directed verdict as well as his motions after verdict.

The judgment of the district court is affirmed.